Filer & Stowell Co. *v.* Empire Lumber Co. *et al.*

The lien on saw-mills and their products, given by section 1985 of the code to persons furnishing timber, logs, provisions or any other thing necessary to carry on the work of saw-mills, is not available in behalf of a machinist who furnishes or puts up any steam mill or other machinery, or who may repair the same. The furnishing of machinery for a steam saw-mill, to improve or enlarge the mill or to keep it efficient, entitles the machinist to a lien under section 1979 of the code, provided he claims a lien and records the claim within three months after the machinery is furnished. Compliance with this condition is indispensable. Code, §1980. A failure to claim and record is not excused by the fact that the premises and mill on which the lien would have attached were put into the hands of a receiver by judicial proceedings at the instance of other creditors before the time for recording had expired.

May 2, 1893. Argued at the last term.

Before Judge Roberts. Dodge superior court. March adjourned term, 1892.

DeLacy & Bishop, for plaintiff in error.

John L. Hopkins & Son, Claud Estes and Hill, Harris & Birch, *contra.*

Bleckley, Chief Justice.

A part of section 1979 of the code reads as follows: "All mechanics of every sort, who have taken no personal security therefor, shall, for work done and material furnished in building, repairing or improving any real estate of their employers; all contractors, material men, and persons furnishing material for the improvement of real estate; all contractors for building factories, furnishing material for the same, or furnishing ma-

v 91-42

chinery for the same; and all machinists and manufac-
turers of machinery, including corporations engaged in
such business, who may furnish or put up in any county
of this State, any steam-mill or other machinery, or who
may repair the same; and all contractors to build rail-
roads, shall each have a special lien on such real estate,
factories and railroads." And section 1985 reads thus :
"All persons furnishing saw-mills with timber, logs,
provisions, or any other thing necessary to carry on the
work of saw-mills, shall have liens on said mills and
their products, which shall, as between themselves, rank
according to date, and the date of each shall be from the
time when the debt was created, and such liens shall be
superior to all liens but liens for taxes, liens for labor,
as provided for in sections 1974, 1975 and 1984, and to all
general liens of which they have actual notice before
their debt was created, to which excepted liens they
shall be inferior." The court below held that the lien
claimed in this case, the same being in favor of a ma-
chinist, for furnishing machinery for a steam saw-mill,
to improve or enlarge the mill and keep it efficient, does
not fall within the latter section but could exist under
the former section only. With this opinion we agree.
The former section treats the mill as realty; the latter
treats it as personalty. Liens arising under the former
must be recorded. Such is the express requirement of
§1980. Liens arising under the latter need not be re-
corded and may be foreclosed under §1991 against the
mill as personalty. The lien claimed in this case not
having been recorded within the time prescribed, is not
good under §1979. Failure to claim and record it could
not be excused by the fact that the premises and mill
on which the lien would have attached were put into
the hands of a receiver by judicial proceedings before
the time for recording had expired. The custody of the
property by a receiver would be no impediment to claim--

ing and recording the lien and is wholly irrelevant as a reason for not doing so. The code is express that to make good the liens specified in §1979 they must be created and declared in accordance with certain provisions, one of which is the recording of the claim of lien within thirty days (now three months by the act of 1889) after the completion of the work or after such material or machinery is furnished. Code, §1980, as amended by Acts 1889, p. 106. For a construction of the phrase "any other thing necessary to carry on the work of saw-mills," as contained in §1985, see the case of *Balkcom* v. *Empire Lumber Co.*, decided this term. (*Ante*, 651.) That case was a part of the same general litigation out of which the present arose, and the two cases were considered and decided at the same time.

*Judgment affirmed.*