## In re GEORGIA HANDLE CO.

### MEADOR v. J. A. FAY & EGAN CO.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1901.)

### No. 1,056.

BANKRUPTCY—LIENS—SPECIAL LIEN UNDER GEORGIA STATUTE.

Under Civ. Code Ga. § 2801, which provides, inter alia, that "all contractors for building factories, furnishing material for the same or furnishing machinery for the same * * * shall each have a special lien on such * * * factory," one who sold articles of machinery to a corporation for the equipment of its factory, which it operated in a leased building for the manufacture of plow handles, boxes, and similar articles of wood, is entitled to a special lien therefor upon all the machinery, appliances, and equipment owned by the purchaser, and essential to the operation of its factory, whether considered realty or personalty; and, where the claim for a lien was properly filed and recorded within the time required by the statute, the lien is not affected by the bankruptcy of the purchaser prior to such recording, but may be enforced against the proceeds of the property sold by the trustee.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Georgia, in Bankruptcy.

The following is the opinion of the district court, rendered by NEWMAN, District Judge:

It appears in this case, from the petition filed by the intervener, and by the agreed statement of facts: That the J. A. Fay & Egan Company, on March 10, 1900, supplied to the Georgia Handle Company one band resaw, one box-board trimmer, and one box-board presser, at the contract price of $1,045; and on the same day it supplied the Georgia Handle Company with two 6-inch band saws for resaw, of the value and for the con-

tract price of $53.46, and on March 19, 1900, it supplied two band saws for band ripsaw of the value and for the contract price of $26.40. That the intervening company is engaged in the manufacture of machinery and furnishing the same. That the machinery sold by the intervener to the Georgia Handle Company was proper for the transaction of the business of the Georgia Handle Company, which was engaged in the business of manufacturing plow handles, boxes, and other things of like character; and the machinery was utilized by it in its business, and was put up on premises leased by the Georgia Handle Company from the Lowry Banking Company. The machinery so furnished was run by pulleys and other mechanical appliances of the kind necessary to operate such machinery. The J. A. Fay & Egan Company recorded its claim of lien in the office of the clerk of the superior court of Fulton county, Georgia, for $1,093.16, on the 7th day of June, 1900, and also recorded its lien for $26.40 on June 8, 1900,—both within three months of the time the machinery was furnished. Both of the claims of lien were on the factory, steam mill, lumber, engines, boilers, pumps, tools, machinery, merchandise, and all personalty, of every character and description of the Georgia Handle Company, a corporation of said state and county (describing the premises on which it is located). There was no mortgage taken, nor was there any retention of title to the machinery so sold by the J. A. Fay & Egan Company. On June 30, 1890, the J. A. Fay & Egan Company filed its proof of claim with the referee in bankruptcy, to whom was referred the case of the Georgia Handle Company, and in its proof of claim relied upon the lien which had been recorded as stated. Subsequently, on the 16th day of November, 1900, the J. A. Fay & Egan Company filed in this court its intervening petition, in which it set up its claim of lien as stated, and prayed that the liens be foreclosed, and that the claims of intervener thereunder should be satisfied from the sale of defendant's property. The intervention thus filed was referred to a special master, who reports in favor of the lien claimed by the intervener on the proceeds of sale of the property of the Georgia Handle Company. The property of the Georgia Handle Company which was sold by the trustee was machinery and manufactured product, and also lumber and other raw material, and the total amount realized from this sale was $5,500. The machinery contained in the plant sold for $3,623.10, and the particular machinery furnished by the J. A. Fay & Egan Company sold for $545. The intervener claims a lien on the fund arising from the sale, for the entire amount of its indebtedness. The trustee denies that the intervener has any lien, and says that it stands upon the footing of other general creditors of the Georgia Handle Company. The question at issue must be determined by the lien laws of the state of Georgia, and especially by the statutes giving a lien to material men and those furnishing machinery for factories. Section 2801 of the Civil Code of Georgia, relied on by the intervener, as far as is material here, is as follows: "All mechanics of every sort, who have taken no personal security therefor, for work done and material furnished in building, repairing or improving any real estate for their employers; all contractors, material men, and persons furnishing material for the improvement of real estate; all contractors for building factories, furnishing material for the same or furnishing machinery for the same; and all machinists and manufacturers of machinery, including corporations engaged in such business, who may furnish or put up in any county in this state, any steam-mill or other machinery, or who may repair the same; and all contractors to build railroads, shall each have a special lien on such real estate, factories or railroads."

The record shows that the machinery of the Georgia Handle Company was run by pulleys and other mechanical appliances of the kind necessary to operate such machinery. It fails to show to what extent it was attached to the realty. It must have been so attached however, to such extent as was necessary to the operation of machinery in establishments of this kind. The trustee, it appears, sold it in parcels, and as personalty. But the court cannot consider the condition of the property in question when it was sold by the trustee in bankruptcy. The situation of the property on March 10, 1900, when this machinery was furnished, should control in determining the question at issue here, as to the right of the intervener to a lien. At that

time the Georgia Handle Company unquestionably was carrying on a factory. It was manufacturing handles, boxes, etc., and appears to have had a completely equipped establishment for that purpose. The building belonged to another party, but this could have no effect to change the status of the Georgia Handle Company as the owner and operator of a factory. It is undoubtedly true that section 2801 of the Civil Code of Georgia in a general way deals with real estate, as distinguished from section 2805, relating to personalty strictly, and to liens thereon, yet the language used in section 2801 is "real estate, factories or railroads"; and where a company has a completely equipped factory, even though it is not the owner of the building in which the factory is operated, it seems that under this section a machinist's or material man's lien would attach as against the factory. The proceedings in bankruptcy could not in any way change the rights of the parties, and the lien attached when the machinery was furnished, although it was not perfected by the record of the lien until after the petition in bankruptcy was filed. It seems to me that as the matter stood in March, 1900, the situation of the property of the Georgia Handle Company was such that a lien under this statute of the state would attach. The matter is not entirely clear, it must be conceded; but my best judgment is that a lien accrued to this intervener at the time it furnished the machinery in question, which was perfected by proper record of its lien within three months. Consequently it is entitled to have the same out of the fund arising from the sale of the property by the trustee. It may be something of a hardship to other creditors, and yet it is only giving to the intervener the benefit of its diligence in recording, and thereby establishing its lien in accordance with the statutes of the state. Such a situation existed in Re Kerby-Dennis Co., 36 C. C. A. 677, 95 Fed. 116, decided by the circuit court of appeals for the Seventh circuit, in which case some laborers obtained priority over others; but Circuit Judge Jenkins, delivering the opinion of the court, says as to this matter: "It is true that the petitioners here, with respect to the character of their services and labor, stand equal in equity to the claims of those which were allowed preference by the decision of the court below. The apparent inequity in now denying equality results, however, not from the bankruptcy act, but from their own omission to comply with the requirements of the local law. Both these classes of laborers had liens upon the product upon which their labor was expended. The one class preserved their liens by proper proceedings, which the statute giving the lien rendered imperative for its continuance. The other class omitted so to do, and, therefore, by force of the statute which created the right, the lien is gone forever." It may be well to add, in order that counsel may not be misled, that in the Star Foundry & Machine Works Case, relied on by the intervener, the only thing that the court did was to intimate that it would hold that belting was machinery, and thereupon the matter was adjusted between counsel. The decision in Chattanooga Nat. Bank v. Rome Iron Co. (C. C.) 102 Fed. 755, is no authority whatever in this case, because there the court held that the effect of the writing was to give to the bank an equitable lien on the equity in certain iron. The decision in that case could not in any way be considered authority on the question of the right of the intervener to a lien under the statute of the state of Georgia. The exceptions to the finding of the special master will be overruled, and an order may be entered sustaining the intervener's statutory lien.

Danl. W. Roundtree, for petitioner.

John M. Slaton and B. Z. Phillips, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The questions arising in this case were properly ruled by Judge NEWMAN, and we only supplement his opinion found in the record by citing Lumber Co. v. Kiser, 91 Ga. 643, 649, 17 S. E. 972, 974, and Filer & Stowell Co. v. Empire Lumber Co., 91 Ga. 657, 18 S. E. 359. In the first-entitled case it is said:

"It therefore makes no difference whether the machinery, etc., be in fact personalty or not, as the statute treats the entire establishment, with all its equipments, as realty, relatively to the lien allowed by Code, § 1979. It is the manifest purpose of the statute that these liens shall cover not only the land upon which the mills, factories, etc., are situated, but also the structures themselves, and all the appliances necessary to their existence and complete running order as such establishments."

The petition for revision is denied.