DENTON *v.* MOBLEY, superintendent of banks, *et al.*

No. 7052. OCTOBER 17, 1929.

*Levi O'Steen,* for plaintiff.

*O. A. Park, C. N. Davie,* and *J. F. Kemp,* for defendants.

HILL, J.   It appears from the record that the Colonial Trust Company closed its doors on September 28, 1926, and it was placed in the hands of the superintendent of banks of the State. The assets of the bank therefore are to be liquidated by the superintendent of banks, in accordance with the banking act of 1919 (Ga. L. 1919, p. 155), and its amendments, including that of August 26, 1925 (Ga. L. 1925, p. 119).   Section 3 of article 7 of the banking act is quoted as the first headnote, supra.   It will be observed that "no lien shall be acquired in any manner binding or affecting any of the assets of such bank after the posting of such notice or taking possession of any bank by the superintendent," etc.   It appears that Denton did not have a lien on the assets at the time the bank closed and was placed in the hands of the superintendent of banks; and from the express language of the statute he is prohibited by law from acquiring a lien after the failure of the bank.   Equity can only assume jurisdiction where there is no adequate remedy at law; and the banking act provides for paying debts as prescribed by section 19 of article 7 of the act, as follows:   "(1)   Debts due the State of Georgia.   (2)   Debts due any county, district, or municipality, including taxes.   (3)   Debts due by the bank as executor, administrator, guardian, trustee, or other fiduciary of like character.   (4)   Judgments and debts secured by lien to the extent of the value of such lien, not void or voidable under the provisions of this act or the law of Georgia; judgments and liens to have the force, rank, and dignity prescribed by law.   (5)   Debts

due to depositors and other contractual liabilities pro rata. (6) Unliquidated claims for damages and the like." The banking act, which provides how claims are to be classified, creates no special lien in favor of the plaintiff; and while in justice perhaps the plaintiff ought to be paid for his labor and material furnished in repairing the house, the rents from which have produced the fund upon which an equitable lien is sought to be created and established, yet the banking act, which may work a hardship in a case like the present, is plain and unambiguous, and the courts are bound to enforce the law as it is written, and not as they would like to have it be. In view of the foregoing, we are of the opinion that the court below was correct in rendering judgment in favor of the defendant.

<em>Judgment affirmed. All the Justices concur.</em>

RUSSELL, C. J., and ATKINSON and HINES, JJ., concur in the result.