## 23036.   DAVIS, superintendent of banks, *et al v.* STONE.

Decided February 16, 1934.

*H. Cliff Hatcher,* for plaintiff in error.

*Joseph Law, Lewis & Lewis,* contra.

STEPHENS, J. D. L. Stone brought suit against W. J. Davis, State superintendent of banks, to recover for the price of material consisting of lumber furnished by him in the improvement of two parcels of real estate belonging to a bank, prior to the taking over of the bank for liquidation by the defendant as superintendent of banks, and to establish the judgment as special liens upon the property. From the agreed statement of facts it appeared that the lumber was furnished before the bank went into liquidation, but that after the bank had gone into liquidation, and within three months from the furnishing of the material, the lien upon each piece of property was recorded and that suit was filed within twelve months, as provided by law. It is conceded that the only question for determination is whether the plaintiff was entitled to a judgment establishing special liens upon the property.

The lien of a materialman upon property for the improvement of which the material was furnished, as provided in sections 3352 and 3353 of the Civil Code of 1910, attaches when the material is furnished in accordance with the contract. *Guaranty Investment &c. Co.* v. *Athens Engineering Co.,* 152 *Ga.* 596 (6), 598 (110 S. E. 873); *Picklesimer* v. *Smith,* 164 *Ga.* 600 (139 S. E. 72); *Marbut-Williams Lumber Co.* v. *Dixie Electric Co.,* 166 *Ga.* 42 (2) (142 S. E. 270). This is true notwithstanding the lien may become divested in favor of a bona fide purchaser of the property without notice of the lien. *Ashmore* v. *Whatley,* 99 *Ga.* 150 (24 S. E. 941); *Oglethorpe Savings & Trust Co.* v. *Morgan,* 149 *Ga.* 787 (102 S. E. 528). The record of the lien, as provided by law (Civil Code 1910, § 3353), within three months from the date when the material was furnished, and the institution of a suit within one year from that date, merely preserve the lien and the right to establish it against the property. While it is provided in the banking act (Ga. L. 1919, p. 135, art. 7, sec. 3, p. 155, § 2268 (c) of Park's 1922 Supplement to the Civil Code), that the taking possession of any bank for liquidation by the superintendent of banks shall place all the assets of the bank in the possession of the superintendent of banks, and "shall operate as a bar to any attachment or any other

legal proceedings against such bank or its assets, and no lien shall be acquired in any manner binding or affecting any of the assets of such bank after the . . taking possession of any bank by the superintendent," it is provided in the amendment of 1927 to the banking act (Ga. L. 1927, p. 195, section 19, p. 199), which changes the priority of payments of debts by an insolvent bank, "that nothing herein contained shall affect the validity of any security or lien held by any person or corporation." This last provision necessarily has reference to liens which attached upon the assets of the bank prior to its being taken over for liquidation. Liens for material furnished by materialmen, where the same have attached prior to the taking over of the bank for liquidation, have their validity preserved by this provision. The provision of the act of 1927 preserving the validity of liens which attached before the bank went into liquidation must be given effect as against anything contained in the prior enactment of 1919 in conflict therewith. Since the materialman's lien will be lost if it is not preserved by being filed with the clerk of the superior court within three months and by suit being brought thereon within twelve months after the material was furnished, and since the act of 1927 preserves this lien, both of these provisions of the acts of 1927 and 1919 must be construed as affording to the materialman the right, after the bank has gone into liquidation, to preserve his lien which attached before the bank went into liquidation. This can be done only by suit thereon after the lien has been filed as required by statute for preserving the lien.

The provision in the act of 1919, that the taking possession of a bank by the superintendent of banks "shall operate as a bar to any other legal proceedings against such bank or its assets," must not, as against the subsequent provision contained in the act of 1927 preserving the validity of a lien, such as a materialman's lien which attached before the bank went into liquidation, be construed as a bar to legal proceedings against the bank to preserve the materialman's lien after the bank has been taken over by the superintendent of banks. The provision in the act of 1919, that "no lien shall be acquired in any manner binding or affecting any of the assets" of a bank after it has been taken possession of by the superintendent of banks for the purpose of liquidation, must, when construed with reference to the provision in the act of 1927 preserving the validity of liens existing before the bank was taken over, be construed as

applying only to the acquisition of liens upon the assets of the bank after the bank has been taken over by the superintendent of banks for liquidation.

*Denton* v. *Mobley,* 169 *Ga.* 285 (150 S. E. 162), is distinguishable. In that case the property upon which it was sought to establish a lien was not the property of the bank. Besides, in that case the act of 1927 was not considered by the court.

Nothing is here decided as to the priority of the plaintiff's claims after they have been reduced to judgment and the lien preserved. It is simply held that the plaintiff, under the circumstances, has the right to establish his lien which can only be done by the filing of the lien in the office of the clerk of the superior court within three months and the institution of the suit within one year and reducing the claim to judgment. Whether the claim shall take priority as a judgment over other judgments and contractual obligations, or whether it shall take priority as a contractual obligation over unsecured contractual obligations, is not decided. Whether the property upon which the lien is established, can, while in the possession of the superintendent of banks, be levied upon or seized in satisfaction of the judgment, is another question. We hold merely that the plaintiff has a right to institute suit against the bank, notwithstanding its assets have been taken over by the superintendent of banks for liquidation, and thereby established its lien as against the property where the lien attached before the assets of the bank had been taken over by the superintendent.

Under the agreed statement of facts, the court properly gave judgment for the plaintiff and properly declared the judgment a special lien upon the two parcels of property belonging to the bank.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*