LADNER, et al. *v.* HOGUE LUMBER & SUPPLY COMPANY

No. 40310 December 17, 1956 91 So. 2d 545

506

.*J. D. Stennis, Jr.,* Biloxi; *John M. Gardner,* Gulfport, for appellants.

*D. O. Simmons, F. W. Alexander,* Gulfport; *Pete H. Carruba,* Long Beach, for appellees.

Arrington, J.

This case is before us on appeal by Edward J. Ladner, his wife, Lannie Grace Ladner, and Marion G. Rish and

his wife, Vivian M. Rish, from a decree of the Chancery Court of Harrison County, Mississippi, dismissing bill of the appellants. The substantial facts of this case as disclosed by the record are as follows:

On March 10, 1954, F. E. Webb delivered to Willa Mae Gibson warranty deeds to four lots in the City of Gulfport. On the same date, she executed and delivered to him a deed of trust for $8,000 to secure a note due one year from date. On February 16, 1955, Willa Mae Gibson executed warranty deed to Marion G. Rish for two of the lots, and warranty deed to Edward J. Ladner for the other two lots. On the same date, February 16, 1955, B. E. Gibson, the husband of Willa Mae Gibson, entered into a contract with Marion G. Rish and wife to build a house on their lots, the house to be completed within a reasonable time and to be paid for when the house was completed and approved from the proceeds of a veteran's loan. The contract price included the cost of the lots. On the same date, a like contract was entered into by and between B. E. Gibson and Edward J. Ladner and his wife. On the same date, the Rishs' executed and delivered to B. E. Gibson a deed of trust to secure a note given for the contract price in the sum of $13,400, which note was due six months from date and provided for interest to be calculated at the rate of six percent from date after building was completed. The deed of trust was assigned on the same date to Hogue Lumber and Supply Company, Inc., hereinafter referred to as Hogue. Also on the same date, a like deed of trust and note was executed by the Ladners securing the sum of $12,300, which was also on the same date assigned to Hogue. On February 25, 1955, F. E. Webb subordinated his deed of trust in favor of Hogue.

The court below sustained a demurrer to an original bill which had been filed to enjoin Webb from foreclosing his deed of trust until Hogue had fulfilled the terms of the contracts, and to compel Hogue to fulfill the

terms of the said contracts, and amended bill and second amended bill were filed after the deed of trust to Webb had been foreclosed, the lots being purchased by him at the foreclosure sale for the sum of $9,821.60, subject to the liens of Hogue in the sum of $25,700. This matter was heard in the court below on the second amended bill and general demurrer thereto. The court sustained the demurrer and appellants having declined to plead further their bill was dismissed.

Copies of all the instruments enumerated herein were made exhibits to the second amended bill, in which bill it was alleged that Hogue was the real party in interest; that it operated as the contractor through and in the name of B. E. Gibson, who simply supervised the construction of these houses under the direction of and using materials and operating funds provided by Hogue; that Hogue had actual knowledge of the contract, that its attorneys had prepared all of the documents; that Hogue had fully ratified the contracts, had accepted the benefits of the contracts and assumed the obligations thereof; that the deeds of trust assigned to Hogue showed on their face that they were given to secure sums due the contractor for residences which had not been started; that the houses had not been completed and that Hogue had refused to pay the cost of the lots, and that Webb, having subordinated to Hogue, had subordinated to the rights of appellants. The relief prayed for was that the foreclosure be set aside, that Hogue be compelled to fulfill the terms of the contracts or that Webb and Hogue be compelled to pay them damages for the wrongful foreclosure and breach of contract.

We are of the opinion that the bill states a good cause of action. In A. L. I., Restatement of the Law, Contracts, Sec. 164, it is said: "(1) Where a party to a bilateral contract which is at the time wholly or partially executory on both sides, purports to assign the whole contract, his action is interpreted, in the absence of

circumstances showing a contrary intention, as an assignment of the assignor's rights under the contract and a delegation of the performance of the assignor's duties.

"(2) Acceptance by the assignee of such an assignment is interpreted, in the absence of circumstances showing a contrary intention, as both an assent to become an assignee of the assignor's rights and as a promise to the assignor to assume the performance of the assignor's duties."

Under and by virtue of Sec. 373 of the Mississippi Code of 1942, an assignment or transfer of the contract by the contractor or master workman is subordinate to the rights of the sub-contractors, journeymen, laborers, and materialmen, as well as the owner unless performance bond is given as required by Sec. 374, Miss. Code of 1942. In American Oil Company v. Ratliff's Sheet Metal Works, et al, 155 Miss. 779, 125 So. 249, the contract had been assigned to the First National Bank of Brookhaven by the contractor. Yet, when the contractor failed to carry out the contract, the court held that American Oil Company, the owner, who had completed the building was entitled to credit on the contract price for the amount required to complete the building and the further sum of $639, being the rental value of the property for three months which American Oil Company had lost because of the delay and that the assignment of the contract was void as to the materialmen and laborers under the contract.

The deeds of trust to Gibson, which were assigned to Hogue on the same date that they were given to Gibson, show on their face that they were given to secure the cost of constructing two dwellings, and that interest at the rate of six percent per annum would be "payable _____," computed after the dwellings were completed.

The subordination agreement executed by Webb recites that the deed of trust from Marion G. Rish and

Vivian M. Rish was of record in Book 239, at pages 355-6 of the Mortgage Recods of Harrison County; that the deed of trust from Edward J. Ladner and Lannie Grace Ladner was also of record in "Book _____, at _____ of the Mortgage Records of Harrison County, Mississippi," and that the assignments from Gibson to Hogue appeared of record.

Not only did Hogue have notice that the notes and deeds of trust were executed to Gibson to secure the amount due under the contract, but Webb likewise had notice and when Webb subordinated to Hogue under the conditions shown herein, he necessarily subordinated to the rights of the owners. "If a first mortgagee subordinates his mortgage to a third mortgage, the first mortgage becomes subordinate to both the second and the third mortgages; . . ." 59 C. J. S., Mortgages, Sec. 218, p. 288. █ Neither Webb nor Hogue had any rights which could be enforced until the terms of the contracts were fulfilled, their rights being limited by the terms of the contract. And it is evident that the contracts had not been complied with as the contract price included the cost of the lots, and if the contract had been complied with in this respect, there would have been no necessity for a foreclosure. Appellants could not, in any event, be required to pay more than the contract price, which included the cost of the lots, and could not be required to pay anything until the terms of the contract had been fulfilled. We are of the opinion that the learned chancellor was in error in sustaining the demurrer and that the cause should be heard on the merits.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Lee* and *Holmes,* JJ., concur.