## 52595. OLD STONE MORTGAGE & REALTY TRUST et al. v. NEW GEORGIA PLUMBING, INC.

ARGUED SEPTEMBER 20, 1976 — DECIDED OCTOBER 20, 1976 — REHEARING DENIED DECEMBER 8, 1976 —

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, Jr., P. Joseph McGee, Troutman, Sanders, Lockerman & Ashmore, John J. Dalton,* for appellants.

*Harland, Cashin, Chambers, Davis & Doster, Harry L. Cashin, Jr., Simuel F. Doster, Jr., J. D. Humphries, III,* for appellee.

CLARK, Judge.

The principal question presented for decision in this appeal is whether plaintiff's materialman's lien is entitled to priority over the deeds to secure debt of certain lenders.

In November, 1971, Accent Development Corporation ("Owner") borrowed $270,000 from two of its stockholders, First American Investment Corporation and Fidelity Capital Corporation ("Seed Lenders"), to acquire nine acres of land in DeKalb County, Georgia. As security for the loan, Owner gave a debt deed to Seed Lenders. This instrument was recorded on November 18, 1971. Thereafter, Cousins Mortgage and Equity Investments, a real estate investment trust, lent Owner $1,900,000 to finance the construction of an apartment complex on the newly-acquired property.

On November 14, 1972, the plaintiff, New Georgia Plumbing, Inc., entered into a contract with Accent Construction Company, Inc., the general contractor, to install plumbing for the apartments.

Plaintiff fulfilled its obligations under the contract in late October or early November of 1973. Shortly thereafter, Owner borrowed $1,920,000 from Investment Mortgage Company ("Permanent Lender") to pay off the construction loan obtained from Cousins Mortgage and Equity Investments. A deed to secure debt was given to Permanent Lender by Owner as security. Before making the loan, Permanent Lender required Seed Lender to subordinate the prior deed to secure debt to Permanent Lender's security deed. Accordingly, Seed Lender executed a subordination agreement in favor of Permanent Lender. Permanent Lender's deed to secure debt and the subordination agreement were recorded on

November 19, 1973. Thereafter, the deed to secure debt was transferred to Old Stone Mortgage & Realty Trust which, in turn, transferred it to Old Stone Bank.

Prior to closing the permanent loan, Seed Lenders and Permanent Lender had actual knowledge that plaintiff was the plumbing subcontractor for the apartment project and that plaintiff claimed money was due it for work performed and materials furnished. Moreover, Seed Lenders and Permanent Lender knew that Owner had been facing large construction cost overruns.

On December 17, 1973, plaintiff recorded its claim of lien. Thereafter, on October 18, 1974, plaintiff brought suit against Contractor to recover the amount of its claim and on December 11, 1974, obtained judgment thereon by default.

On December 3, 1974, Seed Lenders foreclosed on the property in question pursuant to the first security deed. The property was sold to Seed Lenders subject to Permanent Lender's deed to secure debt to which the foreclosed loan deed had been subordinated by agreement between the two security deed grantees.

On November 27, 1974, plaintiff brought this action against Owner, Contractor, Permanent Lender, Seed Lenders, Old Stone Mortgage & Realty Trust, Old Stone Bank, Cousins Mortgage Equity and Investments, Pioneer National Title Insurance Company and William R. Nelson, a principal stockholder in Accent Development Corporation. The complaint was couched in five counts. Count 1 demanded the sum of $67,154.73 against defendants, jointly and severally, for work performed and material furnished by plaintiff. Counts 2 and 5 pursued remedies for alleged fraudulent conduct. Counts 3 and 4 sought the foreclosure of plaintiff's materialman's lien and a declaration that its lien is entitled to priority over the deeds to secure debt which had been granted to Seed Lenders and Permanent Lender.

Following discovery, plaintiff moved for summary judgment. Five of the nine defendants, Seed Lenders, Old Stone Mortgage & Realty Trust, Old Stone Bank, and Pioneer National Title Insurance Company also moved for summary judgment. The trial court granted plaintiff's

motion with regard to Counts 3 and 4 of the complaint and denied the motions of defendants. The court ruled that plaintiff's materialman's lien is entitled to priority over the deeds to secure debt of the lenders. This appeal followed.

1. A contractor's lien attaches from the time work is commenced or material is furnished under the contract. *Guaranty Investment &c. Co. v. Athens Engineering Co.,* 152 Ga. 596, 598 (6) (110 SE 873); *Loudon v. Blandford & Garrard,* 56 Ga. 150, 154 (5). "The record of the lien . . . within three months from the date when the material was furnished, and the institution of a suit within one year from that date, merely preserve the lien and the right to establish it against the property." *Davis v. Stone,* 48 Ga. App. 532, 533 (173 SE 454). Thus, where title to real property is conveyed to a lender by a duly recorded deed to secure debt, and the lender takes the deed with actual notice of a materialman's claim of lien upon the property, the title acquired by the lender is inferior to the lien, provided that the lien is subsequently perfected within the time prescribed by law. *Oglethorpe Savings &c. Co. v. Morgan,* 149 Ga. 787 (102 SE 528); *Picklesimer v. Smith,* 164 Ga. 600 (139 SE 72). Inasmuch as Permanent Lender had actual knowledge of plaintiff's claim of lien prior to taking the deed to secure debt, the lien is entitled to priority over the security instrument, provided it was properly preserved.

Was plaintiff's materialman's lien properly preserved? In order to preserve a materialman's lien, it is essential to show that (1) the plaintiff completed his contract, (2) the plaintiff filed for record his claim of lien within three months after completion of the contract, and (3) the plaintiff brought suit to recover the amount of his claim within 12 months after the debt became due. Code § 67-2002.

The evidence shows that plaintiff completed the contract in late October or early November of 1973. Plaintiff's president testified that plaintiff was working on the project as of October 26, 1973. Plaintiff filed for record its claim of lien on December 17, 1973 and commenced suit to recover the amount of its claim on October 18, 1974. Clearly, plaintiff took the necessary

steps to preserve and enforce its lien within the time limitations prescribed by the statute.

Defendants point out that plaintiff billed Contractor in August of 1973 for the balance due under the contract and that plaintiff did not bring this action against Owner until November 27, 1974. Thus, defendants argue, a genuine issue of fact exists as to whether plaintiff timely perfected its lien. We disagree.

That plaintiff billed the Contractor in August cannot alter the fact that the debt became due when the last materials were furnished, and labor was performed, under the contract. *Dixie Lime &c. Co. v. Ryder Truck Rental, Inc.*, 140 Ga. App. 188. Moreover, plaintiff was not required to commence suit against Owner within the time specified in Code § 67-2002 (3). Under the circumstances of this case, plaintiff was only required to bring timely suit against Contractor for the amount of his claim. *Lombard v. Trustees &c.*, 73 Ga. 322; *Jordan Co. v. Adkins*, 105 Ga. App. 157 (123 SE2d 731). The record shows that plaintiff commenced suit against the Contractor within twelve months after the "debt became due." *Dixie Lime &c. Co. v. Ryder Truck Rental, Inc.*, supra.

2. Is plaintiff's materialman's lien entitled to priority over the security deed which Owner gave to Seed Lenders?

While the issue has not heretofore been decided in Georgia, it is the rule in other jurisdictions that "One who subordinates a first lien to a third lien makes his lien inferior to both the second and the third liens." 51 AmJur2d Lien, § 55; Ladner v. Hogue Lumber &c. Co., 229 Miss. 505 (91 S2d 545). Thus, where a first mortgagee subordinated his interest to a second mortgagee, the prior mortgage was necessarily inferior to an intervening materialman's lien: "It cannot be questioned that things equal to the same thing are equal to each other, and it is equally true that if B is inferior to A and C is inferior to B, C is also necessarily inferior to A." Dunlop v. Teagle, 135 S 132, 134 (Fla. 1931). This rule is especially applicable where, as here, the grantees of the prior security deed had actual knowledge of the intervening materialman's claim of lien and impliedly consent to the improvement of the

real estate. See also *Williams v. Brewton,* 170 Ga. 164 (152 SE 441).

Permanent Lender's deed to secure debt is inferior to plaintiff's materialman's lien. In view of the subordination agreement, Seed Lenders' deed to secure debt is inferior to Permanent Lender's deed to secure debt. Accordingly, Seed Lenders' deed to secure debt is necessarily inferior to plaintiff's materialman's lien.

3. Defendants assert plaintiff's claim of lien was dissolved by an affidavit from owner which stated that outstanding bills for labor and materials had been paid. This assertion is not meritorious. "There is no provision of law for one who improves real estate while the legal title or its equivalent is in him to relieve another from a lien on the property by the making of an affidavit as is authorized under Code Ann. § 67-2001 (2)." *Builders Supply Co. v. Thomas,* 118 Ga. App. 830 (1a) (166 SE2d 33). Thus, the sworn statement of an owner that "the agreed price or reasonable value of work done has been paid" cannot dissolve a materialman's lien.

4. Since plaintiff's materialman's lien is entitled to priority over the deeds to secure debt of Permanent Lender and Seed Lenders, the trial court did not err in granting partial summary judgment to plaintiff and in denying the defendants' motions for summary judgment.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*