In the Matter of MARIETTA BAPTIST TABERNACLE, INC., Bankrupt.

MARIETTA BAPTIST TABERNACLE and Thomas E. Raines, as Receiver for Marietta Baptist Tabernacle, Inc., Appellants,

v.

TOMBERLIN ASSOCIATES, ARCHITECTS, INC., Appellee.

No. 76–4479.

United States Court of Appeals, Fifth Circuit.

July 24, 1978.

James C. Cifelli, Atlanta, Ga., for appellants.

**1238**

R. Britt Harris, Jr., Robert B. Harris, Atlanta, Ga., for appellee.

Before RONEY, TJOFLAT and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The case on appeal presents two issues: (1) whether the appellee violated either the automatic stay provision of Rule 11–44 of the Federal Rules of Bankruptcy Procedure or a restraining order issued in aid and amplification of the Rule when the appellee filed notice of its claim of lien against the debtor's property without prior approval of the bankruptcy court; and (2) whether a statutory architect's lien is valid against a receiver when the architectural firm performed its services before the Chapter XI petition was filed but did not file notice of the claim of lien until after the Chapter XI petition was filed. The bankruptcy court entered an order stating that the filing of the lien violated both Rule 11–44 and the restraining order and, therefore, was null and void. The bankruptcy court also stated that even if the lien had been perfected properly, it was invalid against the receiver, pursuant to § 67(c) of the Bankruptcy Act, because the claim of lien had not been recorded before the debtor filed its Chapter XI petition. The district court upheld the validity of the lien, holding that the appellee violated neither Rule 11–44 nor the restraining order and that, pursuant to state law, the appellee's lien related back to the commencement of its work for the debtor. We affirm the district court's holding.

The appellant-debtor, Marietta Baptist Tabernacle, entered into an architectural contract with the appellee on July 9, 1974, and the appellee performed services under this contract up to and including March 11, 1975. The debtor filed a Chapter XI petition on March 14, 1975, at which time it owed the appellee $18,367.13. On March 19, 1975, a bankruptcy judge issued a restraining order in aid and amplification of the automatic stay provision of Rule 11–44 of the Rules of Bankruptcy Procedure. On June 4, 1975, without the bankruptcy judge's approval, the appellee filed notice of its claim for an architect's lien on the debtor's property. The debtor subsequently presented a plan for arrangement, to which the appellee objected. The appellee then submitted a proof of claim, a complaint, and a petition requesting permission to enforce its lien against the debtor's property. After a hearing, the bankruptcy court entered an order declaring the appellee's lien to be null and void. The district court reversed.

As recognized by the district court, a determination of the validity of the appellee's lien turns on the construction to be given to Rule 11–44, the bankruptcy court's restraining order, and § 67(c) and § 70(c) of the Bankruptcy Act. Rule 11–44(a) provides, "A petition filed under Rule 11–6 or 11–7 shall operate as a stay . . . of any act or the commencement or continuation of any court proceeding to enforce any lien against [the debtor's] property . . ." Rule of Bankr.Proc. Rule 11–44(a), 11 U.S.C. Therefore, we must first determine whether recording a notice of a claim of lien constitutes an act to enforce the lien.

Georgia law is the applicable state law in the case on appeal. Section 67–2002 of the Georgia Code provides that a party that wishes to "make good" its lien must perform certain acts, including filing for record a claim of lien within three months after completion of the claimant's services, § 67–2002(2), and commencing an action for recovery of the amount of the claim within twelve months from the time the claim becomes due. § 67–2002(3). Georgia courts consistently have interpreted these statutory requirements as being mere conditions precedent to the assertion of a lien. In *Oglethorpe Savings and Trust Co. v. Morgan*, 149 Ga. 787, 792, 102 S.E. 528, 530 (1920), for example, the Georgia Supreme Court stated, "The doing of work or furnishing of materials gives merely an inchoate lien or the right to acquire a lien, and the statutes prescribe the steps to be taken to perfect such lien." In *Davis v. Stone*, 48 Ga.App. 532, 173 S.E. 454 (1934), the court

stated, "The record of the lien, as provided by law . . ., within three months from the date when the material was furnished, and the institution of a suit within one year from that date, merely preserves the lien and the right to establish it against the property." 48 Ga.App. at 533, 173 S.E. at 454. *Accord, Old Stone Mortgage & Realty Trust v. New Georgia Plumbing, Inc.*, 140 Ga.App. 686, 231 S.E.2d 785, 787 (1976). Similarly, in *Logan Paving Co. v. Liles Construction Co., Inc.*, 141 Ga.App. 81, 232 S.E.2d 575, 577 (1977), a Georgia court of appeals stated "[Section 67–2002(3)] has consistently been held by the courts of this state not to be a statute of limitations as to the foreclosure or assertion of the lien, but a condition precedent to the establishment of the lien . . . ." Therefore, Georgia courts construe their state's provisions for lien perfection as merely the means to preserve a lien and not as a means to enforce a lien.

■ Examination of the legislative purpose underlying Rule 11–44 further supports the holding that the appellee's filing of a notice of lien did not violate the Rule. The Rule 11–44 stay is designed to protect the debtor from "harassment and possible frustration of his rehabilitation by prejudicial dismemberment and disposition of his estate before he can act to obtain the necessary injunctive relief." 8 *Collier on Bankruptcy* ¶ 3.20[3] (14th ed. 1976). The filing of notice does not operate to dismember or dispose of the debtor's property. Notice merely operates to protect the interest of the person claiming a lien. If the appellee had not filed notice of his claim of lien, he would have lost the lien. Additionally, filing a notice of a claim of lien does not irrevocably vest the interest represented by the lien. The lienor still must comply with the other provisions of the Georgia lien law. For these reasons, we hold that the appellee's filing of notice without prior court approval did not violate Rule 11–44. *Accord, United States v. A Certain Parcel of Land*, 59 F.Supp. 65 (D.Mass.), *aff'd sub nom. John Hancock Mutual Life Insurance Co. v. Thompson*, 147 F.2d 761 (1st Cir. 1944).

The appellee's action also did not violate the bankruptcy court's restraining order. The language of the restraining order is almost identical to the language suggested for the order in the debtor's application for the order. Neither the order nor the debtor's application expressly forbid the perfection of liens. Furthermore, examination of the debtor's application shows that the debtor was concerned with the same problems that prompted Congress to enact Rule 11–44. The application states:

Applicant shows that said assets are subject to security interests, mortgages, leases, or other interests or claims in favor of various creditors or claimants. Applicant has been advised that several of its creditors are threatening to accelerate their debt, demand attorneys' fees and endeavor to foreclose upon or take possession of said assets, thereby increasing the total obligations owed, terminating the mortgages and terminating all junior rights or interests in and to said assets. Applicant shows that unless any and all creditors and claimants, including but not limited to secured creditors, unsecured creditors, tax claimants and lessors, are enjoined from said actions, or threatened actions, and the status quo maintained pending proceedings herein, Applicant will suffer irreparable damage, loss or injury.

Finally, by filing its notice of claim of lien, the appellee served the public interest of making all liens matters of record. This public interest was particularly important in the case on appeal because the appellee was not listed on the debtor's schedule of creditors. Therefore, we hold that the appellee's filing of notice without prior court approval did not violate the restraining order.

■ We still must determine whether the appellee's lien is valid against the receiver. Pursuant to § 67(c)(1)(B) and § 70(c)(1) of the Bankruptcy Act, 11 U.S.C. §§ 107(c)(1)(B), 110(c)(1), the lien is valid against the receiver if: (1) the lien would be valid against a creditor who obtained a

judgment against the bankrupt on the date of bankruptcy; (2) the lien must be perfected to be valid against a subsequent bona fide purchaser; and (3) the lien is actually perfected in the manner provided by state law and within the time provided by state law. That the second and third requirements were met in the case on appeal is readily apparent. Georgia law is settled that a lien will not be valid against a bona fide purchaser until notice of the claim of lien has been filed. *E. g., Picklesimer v. Smith,* 164 Ga. 600, 604, 139 S.E. 72 (1927); 20 *Encyc.Ga.Law,* Liens § 71 (1971). Additionally, the appellee properly filed its notice of claim of lien within the time prescribed by the applicable Georgia statute.

The remaining question, therefore, is whether the appellee's lien would be valid against a creditor who obtained a judgment against the bankrupt on the date of bankruptcy. Because the appellee did not file its notice of claim of lien until after the debtor filed its Chapter XI petition, the appellee's lien will prevail only if it relates back to some time before the date the Chapter XI petition was filed. The appellee's lien was created by operation of Ga. Code Ann. § 67–2001(1).[1] Georgia courts consistently have held that such liens relate back to the time the work under the contract commenced, provided that the lien is properly perfected. *E. g., Oglethorpe Savings and Trust Co. v. Morgan,* 149 Ga. 787, 102 S.E. 528 (1920); 20 *Encyc.Ga.Law,* Liens § 70 (1971). Because the appellee filed notice of its claim of lien within three months, as is required pursuant to § 67–2002(2), the appellee's lien relates back to the commencement of work, which occurred before the debtor filed its Chapter XI petition. Pursuant to § 67–2002(3), the appel-

lee's lien is superior to that of a judgment lien creditor. Therefore, the appellee's lien meets the requirements of § 67(c)(1)(B) of the Bankruptcy Act, and it is valid against the receiver. We affirm the district court's order and remand this case to the bankruptcy court for a determination of the appellee's right to enforce his lien, consistent with this opinion.

AFFIRMED and REMANDED.

---

1. The bankruptcy court stated that the appellee's lien arose by operation of § 67–2001(2), which provides that when architectural services are "furnished upon the employment of a contractor or a subcontractor or some person other than the owner, . . . the [architect's] lien shall become effective against third parties without notice thereof, only after notice thereof shall have been filed for record as provided in this Chapter." The district court held this to be an erroneous interpretation of Geor-

gia law, and we agree. The clear language of § 67–2001(2) shows that it is inapplicable to the case on appeal because the appellee was employed directly by the owner, the debtor-appellant. Furthermore, as recognized by the district court, § 67–2001(2) is designed to protect a property owner without notice, when he did not contract directly with the lienor and the existence of a lien is not obvious, by providing that the lien in that situation will be effective only after filing for record.