**In the Matter of Andrew J. GRUBBS, Debtor.**

**Raymond O. BALLARD and Walter E. Ballard, d/b/a Ballard Brothers Electric Co., Plaintiff,**

v.

**Andrew GRUBBS, Defendant.**

**Civ. A. No. 80–245–MAC.**

United States District Court, M. D. Georgia, Macon Division.

Feb. 26, 1981.

**500**

J. Wayne Crowley, Macon, Ga., for plaintiff.

William M. Flatau, Macon, Ga., for defendant.

OWENS, Chief Judge:

On October 7, 1980, Bankruptcy Judge Henry D. Evans held that the debt owed Ballard Brothers Electric Company ("creditors") was not dischargeable in bankruptcy pursuant to 11 U.S.C.A. § 523(a)(2)(A). 7 B.R. 557. Judge Evans found that Andrew J. Grubbs ("debtor") made statements to the creditors which caused them to forego the filing of a mechanic's lien within the ninety days required by Georgia law.

The total sum owed Ballard Brothers by Mr. Grubbs is $2,285.70, representing a liability for services provided by the creditors with respect to houses built and sold by Mr. Grubbs. The houses were constructed on lots known as 6455 Bevin Drive, 3800 Bobby Court and 3804 Bobby Court, all in Macon, Georgia.

Judge Evans' opinion found that the evidence established that sometime after October 25, 1979, but within ninety days thereafter, Raymond O. Ballard contacted the debtor concerning amounts owed on two of the houses, 6455 Bevin Drive and 3804 Bobby Court. The bankruptcy court found that Mr. Ballard indicated his intention to place a materialmen's lien on the dockets in order to assure payment of amounts owed to the creditors by the debtor out of any closings that might be forthcoming on the debtor's properties; and, that the debtor, knowing that a lien on the properties would substantially interfere with closings, persuaded Ballard Brothers not to enter any liens by promising to pay the amounts due them from any recovery obtained after the closing of the Bevin Drive property. The evidence further showed that when the Bevin Drive property was closed, the debtor realized in excess of $6,000.00 on the transfer, but the creditors were not paid any portion of the amount due them. The court has reviewed the bankruptcy record and finds that the bankruptcy court's findings of fact are not clearly erroneous.

This court, after receipt of this appeal, requested the parties to submit an affidavit of the creditors as to the actual work performed on each of the subject construction jobs and the last date on which any work was done, together with a copy of the closing costs as to each of the houses in question. The documents submitted essentially corroborate the bankruptcy court's findings of fact. Mr. R. O. Ballard stated that October 25, 1979, October 24, 1979 and February 27, 1980 were the completion dates for the labor performed on the houses under construction at 6455 Bevin Drive, 3804 Bobby Court and 3800 Bobby Court respectively. Mr. Ballard also stated "[b]oth of us [debtor Grubbs and Mr. Ballard] understood the lien law, and both of us were aware of the fact that I could still file liens when we had this discussion."

Georgia's mechanic's lien section, Georgia Code Ann. § 67–2002, provides in pertinent part:

"To make good the liens specified in section 67–2001, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective, viz:

\*    \*    \*    \*    \*    \*

2. The filing for record of his claim of lien within three months after the completion of the work, or furnishing of such architectural services, or furnishing or performance of such surveying or engineering services, or within three months after such material or machinery is furnished, in the office of the clerk of the superior court of the county where such property is situated ..."

Georgia courts interpreting § 67–2002 have strictly construed the three-month time provision; those courts have consistently held that the three-month deadline for filing a mechanic's lien cannot be excused, relaxed or extended by the actions of either the debtor or the creditor. *Filer and Stowell Co. v. Empire Lumber Co.*, 91 Ga. 657, 18 s.E. 359 (1893); *Old Stone Mortgage and Realty Trust v. New Georgia Plumbing, Inc.*, 140 Ga.App. 686, 231 S.E.2d 785 (1976); *Sears, Roebuck & Co. v. Superior Rigging & Erecting Co.*, 120 Ga.App. 412, 170 S.E.2d 721 (1969).

■ Title 11, U.S.C.A. § 523(a)(2)(A) provides:

> · "A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt for obtaining money, property, services, or an extension, renewal, or refinance of credit, by false pretenses, a false representation, or actual fraud ..."

Section 523(a)(2)(A) prohibits discharge of only those debts which were obtained by false pretenses, false representation or actual fraud. In finding that the debtor obtained moneys from the Bevin Drive closing, the Bankruptcy Court misconstrued the intent of § 523(a)(2)(A). "Obtaining money" is capable of but one meaning, that is the direct transfer of money from a creditor to a debtor. To reach a result such as the bankruptcy court did would subject every little bankruptcy action to a nondischargeability claim under § 523(a)(2)(A). This is true because the insolvent debtor in a bankruptcy action is using limited resources and receivables from whatever source derived to cover those debts which are most pressing, regardless of the debt's priority or, in this case, regardless of the fact that the moneys received flowed from the services rendered by the creditor on the Bevin Drive property. Assuming this court agreed with the bankruptcy court's decisions a debtor would be obligated to substantiate that all moneys received prior to this filing for bankruptcy did not flow in whole or part from the claim of an unsatisfied creditor—a requirement both unsurmountable and in direct conflict with the "fresh-start" intent of the Bankruptcy Act. Accordingly the court must look to the services performed by the creditors in this case and determine if they were obtained by false pretenses.

■ As to the Bevin Drive and 3804 Bobby Court jobs, the bankruptcy court found that each job was completed prior to October 25, 1979. Additionally, the court found that the debtor was insolvent at all times after October 25, 1979. The bankruptcy court did not find nor does the evidence warrant a finding that the debtor was insolvent at the time he contracted for the labor on the two jobs; therefore, the court finds that the debtor intended at the time he requested the work to pay for the services performed by the creditors. There being no debt obtained by false pretenses, the claims owing for services rendered at 6455 Bevin Drive and 3804 Bobby Court are dischargeable and are not covered by § 523(a)(2)(A).

■ Nor can the court conclude that the debtor's ability to persuade the creditors to forego the filing of a materialmen's lien by promising to pay the amounts due debtor at closing constitutes an extension, renewal or refinance of credit within the meaning of § 523(a)(2)(A). Nondischargeability is limited to credit extended in reliance upon a false statement. *In re Peterson*, 437 F.Supp. 1068 (D.C.Minn.1977). In the instant case Mr. Grubbs was extended no new credit on the Bevin Drive or 3804 Bobby Court jobs based on his false representation that he would pay the debts at the closing of the Bevin Drive house. The fact that a materialmen's lien was not filed does not constitute new consideration. Georgia courts have clearly placed the creditor on notice that the ninety-day provision cannot be extended by the parties; any failure on the part of a creditor to file a lien is the fault of that creditor. While the court realizes that this result is inequitable, it is the better practice to timely file the lien and thereby avoid a subsequent swearing match with the debtor. The 6455 Bevin Drive and 3804 Bobby Court jobs do not fall within any of the exception to discharge provisions of § 523.

■ As to the 3800 Bobby Court claim for $700.00, the court finds that the debtor obtained the services of Ballard Brothers Electric Company by promising to pay all three outstanding claims when the Bevin Drive property was closed. The court agrees with the bankruptcy court's finding that when the promise was made—sometime in late February 1980—that the debtor was insolvent and that the debtor at the time the representation was made did not intend to make good his promise; the claim for the debt owing on 3800 Bobby Court is covered by § 523(a)(2)(A) and is therefore not dischargeable.

Accordingly, the decision of the bankruptcy court is AFFIRMED in part; and REVERSED in part.