Alfred J. Turk, III, Parks, Jackson & Howell, P.C., Atlanta, Ga., for plaintiff.

Robert A. Bartlett, Hicks, Maloof & Campbell, Atlanta, Ga., for defendant.

**In re OPPORTUNITIES INDUSTRIALI-ZATION CENTER OF ATLANTA, INC., Debtor.**

**OPPORTUNITIES INDUSTRIALIZA-TION CENTER OF ATLANTA, INC., Plaintiff,**

**v.**

**T & B—SCOTTDALE CONTRACTORS, INC., Defendant.**

**Bankruptcy No. 82–00026A.**
**Adv. No. 82–1137A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

July 6, 1983.

### ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the Motion of the defendant, T & B—Scottdale Contractors, Inc. ("T & B"), to Modify, Alter or Amend the Order of January 7, 1983. Said Order validated the judgment lien claimed by T & B but denied the statutory lien asserted by T & B pursuant to Ga.Code §§ 67–2001 and 1701(8). T & B urges the Court to reexamine its finding with respect to the statutory lien. The two arguments raised on this motion do not persuade the Court to reverse its finding that T & B's failure to comply with the statutory notice provision, Ga.Code § 67–2002(3), is fatal to its claim of a statutory lien.

T & B argues that the filing of its judgment against the plaintiff herein, Opportunities Industrialization Center of Atlanta, Inc. ("OIC"), properly perfected its claim of lien. The Court recognizes that T & B substantially complied with its contractual obligations to OIC; that T & B filed a claim of lien within three months after completing its work; and that T & B commenced an action against OIC within twelve months from the time payment became due. All these steps are required by § 67–2002 to preserve the lien. But, contrary to T & B's argument, recording its judgment on the real property records nearly five months

after commencing the suit against OIC does not satisfy the requirement that notice be filed "at the time of filing such action." Ga.Code § 67–2002(3).

The opening sentence of Ga.Code § 67–2002 states the importance of strict compliance with the section:

> To make good the liens specified in Code § 67–2001, they must be created and declared in accordance with the following provisions, and on failure of *any* of them the lien shall not be effective. (emphasis added)

The concluding sentence of subsection (3) is equally clear.

> Failure to bring action and to file *the notice described in this paragraph* within the time required shall extinguish the subject claim of lien and render the same unenforceable. (emphasis added)

Furthermore, the Order of January 7, 1983, 26 B.R. 394, sets forth the fact that this statute creates a "special lien" in derogation of the common law and must be strictly construed.

T & B also argues that 11 U.S.C. § 546(b) allows perfection by the postpetition filing of notice. However, § 546(b) limits the trustee's power to avoid statutory liens only to the extent that

> "any generally applicable law . . . permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection."

Section 546(b) creates no new rights under state law. As stated in 4 *Collier on Bankruptcy* ¶ 546.03[1], p. 546–7 (15th ed. 1982):

> "[T]he Code protects those who are protected by the applicable state law."

T & B is *not* protected under the law of Georgia in this case, because T & B did not properly "make good" its statutory lien. This case is distinguishable from the situation wherein the lien holder complies with the letter of the statute to preserve its lien but must complete the necessary steps after a petition in bankruptcy has been filed. The Fifth Circuit Court of Appeals held under § 67c(1)(B) of the Bankruptcy Act that, in this latter instance, the architect's lien pursuant to Ga.Code § 67–2001(a)(2) related back to the time that the work began and remained superior to the rights of the trustee in bankruptcy, even though the claim of lien was filed and the suit to recover the amount due was commenced postpetition. *Marietta Baptist Tabernacle v. Tomberlin Associate Architects, Inc.,* 576 F.2d 1237 (5th Cir.1978).

Arguably, § 546(b) of the Code would similarly uphold a statutory lien against the trustee in bankruptcy when compliance has been made with the statute, despite the fact that the claim of lien is filed and/or the suit to recover the amount due (with the appropriate filing of notice) is commenced postpetition. *In the Matter of Fiorillo & Company,* 19 B.R. 21, 8 B.C.D. 1169 (Bkrtcy.S.D.N.Y.1982). However, that issue is not before the Court, and no ruling is made thereon. In this case, T & B had ample opportunity to preserve the favored status granted to it under the statute, but neglected to follow the statutory procedure.

For the foregoing reasons, the Motion to Modify, Alter or Amend is hereby denied.

IT IS SO ORDERED.