## In the Matter of Doris R. SANKNER, Debtor(s).

**Gregory PEREZ, Jr., Individually and as Director of Scott's Trailer Park, Inc., a Dissolved Florida Corporation, Plaintiffs,**

v.

**Doris R. SANKNER, f/k/a Doris R. Perez, Defendant.**

Bankruptcy No. 83–1055.
Adv. No. 83–779.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 12, 1987.

Langfred W. White & Albert P. Lima, Lima & Elliott, Tampa, Fla., for plaintiffs.

Don M. Stichter, Stichter & Riedel, P.A., Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I, II, III, AND IV

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding in a Chapter 7 liquidation case, and the matter under consideration is the dischargeability, vel non, of an admitted debt evidenced by a

judgment entered prior to the commencement of the bankruptcy proceeding against Doris R. Sankner, f/k/a Doris R. Perez (Debtor), the Defendant, and in favor of Gregory Perez, Jr. (Perez), the Plaintiff who instituted this adversary proceeding. The claim of non-dischargeability is based on § 523(a)(2)(A) (Count I), § 523(a)(6) (Count II), § 523(a)(6) (Count III), and § 523(a)(4) (Count IV) of the Bankruptcy Code and, according to the Third Amended Complaint, the liability of the Debtor, evidenced by a state court judgment is based on unlawful, willful, fraudulent and malicious conversion of properties of Perez and Scott's Trailer Park, Inc., a dissolved Florida corporation, thus outside the overall protective provisions of the general bankruptcy discharge. The matter presently under consideration is a Motion for Summary Judgment filed by Perez, individually and derivatively as Director of Scott's Trailer Park, Inc., a dissolved corporation (Scott's Trailer Park) who contend that there are no genuine issues of material fact and that this Court should resolve the matter as a matter of law. The facts relevant and germane to a resolution of this controversy are as follows:

On November 28, 1973, a Final Judgment was entered dissolving the marriage between Perez and the Debtor. During their marriage, Perez and the Debtor accumulated certain real and personal property as tenants by the entirety. Perez and the Debtor were sole and equal shareholders of Scott's Trailer Park. The corporation was incorporated on January 10, 1973, Charter Number 416506. Scott's Trailer Park was dissolved on September 3, 1976. On May 18, 1983, the Debtor filed a Chapter 7 Petition in this Court. On August 8, 1983, a Complaint was filed by Perez which was titled Complaint to Determine the Dischargeability of a Debt and Objecting to Discharge. An Amended Complaint was filed on January 5, 1984; a Second Amended Complaint was filed on February 14, 1984; and finally a Third Amended Complaint was filed May 1, 1984, and is the complaint presently under consideration herein. On September 26, 1985, this Court

entered a Findings of Fact, Conclusions of Law and Memorandum Opinion along with a Final Judgment which dismissed with prejudice Counts V and VI of the Complaint. Counts I, II, III and IV of the Third Amended Complaint remain for determination. On August 28, 1986, Perez filed a Motion for Summary Judgment on all four counts.

Count I is brought under § 523(a)(2)(A) by Perez as a shareholder of Scott's Trailer Park for alleged unauthorized transfers of property by the Debtor and is a derivative action. Count II is brought under § 523(a)(6) for conversion of a 1973 Ford, I.D. No. 3A38H134893, Title No. 5872281 by the Debtor and is also a derivative action by Perez. Count III is brought under § 523(a)(6) by Perez individually for conversion of eleven (11) mobile homes by the Debtor and for conversion of Perez's life insurance policy from American National Insurance Company by the Debtor. Count IV is brought under § 523(a)(4) and is a derivative action by Perez for alleged defalcation by the Debtor while a fiduciary of Scott's Trailer Park.

Previously, Perez brought suit against the Debtor in Florida Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, Case No. 77–9045. A Final Judgment was entered on April 2, 1981; an Amended Final Judgment was entered on February 18, 1982; and a Further Amended Final Judgment was entered on March 17, 1982. These judgments and an order entered February 1, 1982, represent a total of $93,918.00 plus interest thereon owed to Perez by the Debtor.

■ Perez contends that the state court judgments represented a trial on the merits and should bar the relitigation of these issues in this Court. In opposition, the Debtor argues that the Bankruptcy Court should make an independent determination of the dischargeability vel non of the debt evidenced by the state court judgments. Although the state court judgments are recognized and accepted as a determination of the Debtor's liability, it

does not operate as a binding and conclusive determination of the dischargeability of the liability represented by the judgment. The determination of the dischargeability of a debt is exclusively within the competence of the bankruptcy court and the doctrine of res judicata does not prevent this Court from determining the dischargeability of a debt. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). However, when the factual issues needed to determine the dischargeability of a debt are also necessary to the state court determination and all of the requirements of collateral estoppel are met, collateral estoppel should preclude relitigation of the factual issues. *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981); *In the Matter of Ross,* 602 F.2d 604 (3rd Cir.1979); *Gregg v. Rahm (In re Rahm),* 641 F.2d 755 (9th Cir.1981).

Each element of collateral estoppel must be satisfied in order for the doctrine to bar relitigation of any factual issue. Collateral estoppel requires that:

(1) The precise issues sought to be precluded must be the same as that of the prior proceeding;

(2) the issues must have been actually litigated;

(3) it must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the prior judgment.

*In re Opportunities Industrialization Center of Atlanta, Inc.,* 31 B.R. 119 (Bankr.N.D.Ga.1983). In addition, the state court proceeding must determine the issue using standards identical to those applicable in a dischargeability proceeding. *In re Spector,* 22 B.R. 226 (Bankr.N.D.N.Y.1982).

This Court finds that Counts I, II and IV are derivative actions by Perez for Scott's Trailer Park. The state court judgments, however, are in favor of Perez individually, and do *not* act as collateral estoppel against the Debtor with respect to the three actions for Scott's Trailer Park. Therefore, issues of material fact remain as to Counts I, II and IV and the Motion for Summary Judgment should be denied.

Count III differs from Counts I, II and IV since it is brought by Perez individually and the final judgments in state court were entered in favor of Perez as an individual. But for one problem collateral estoppel might arguably apply to Count III in favor of Perez and against the Debtor. More specifically, Perez alleges in Count III that the Debtor unlawfully, fraudulently, willfully, maliciously, with intent to deprive, and without the consent of Perez executed or had executed a Change of Beneficiary Form, whereupon American National Insurance Company designated the Debtor as irrevocable beneficiary of Perez's life insurance policy, Policy No. 02-947-591, and thereby deprived Perez of his ownership of said policy. Unfortunately for Perez, this matter was not decided by the state court judgments and as part of Count III must have the merits decided herein. Therefore, since issues of material fact exist as to Count III, the Motion for Summary Judgment should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment as to Counts I, II, III and IV be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that a final evidentiary hearing on Counts I, II, III and IV of the Complaint shall be held on April 23, 1987 @ 1:30 p.m.