32048. OLD STONE MORTGAGE & REALTY TRUST et al. v. NEW GEORGIA PLUMBING, INC. et al.

INGRAM, Justice.

We granted certiorari in *Old Stone Mtg. &c. Trust v. New Ga. Plumbing,* 140 Ga. App. 686 (231 SE2d 785) (1976), to review Division 2 of the opinion of the Court of Appeals which holds that where a senior deed to secure debt is subordinated to a junior deed to secure debt, the senior security deed becomes by such subordination action inferior to an intervening materialman's lien of which both security deed grantees had actual notice.

As the Court of Appeals notes, it is the rule in other jurisdictions that "One who subordinates a first lien to a third lien makes his lien inferior to both the second and the third liens. 51 AmJur2d, Liens, § 55; Ladner v. Hogue Lumber &c. Co., 229 Miss. 505 (91 S2d 545)." This rule is supported in logic by the following syllogistic reasoning: if a senior security deed becomes inferior to a junior security deed and the junior security deed is inferior to a materialman's lien, then the senior security deed is inferior to the materialman's lien.

We agree with the application of this rule by the Court of Appeals in this case. The reasonableness of the rule is seen simply by contemplating the ensuing consequences if the senior security deed is subordinated to the junior security deed to the detriment of the intervening lienholder known to the parties. This would destroy the legal rights of the intervening statutory lienholder and cannot be approved.

The applicant for certiorari argues that the Court of Appeals has overlooked cases from other jurisdictions, specifically, Pope Heating & Air Conditioning Co. v. Garrett-Bromfield Mtg. Co., 29 Colo. App. 169 (480 P2d 602) (1971) and Nat. Bank of Washington v. Equity Investors, 83 Wash. 2d 435 (518 P2d 1072) (1974). The applicant argues that in those decisions the controlling factor in determining whether the subordinated security deed lost priority to intervening parties was whether the subordination agreement was limited. The applicant contends that the subordination agreement in this case was limited and hence did not elevate intervening or subordinate liens to a single identified superior position.

We have examined the authorities cited by the applicant for certiorari and do not believe they require a different result. Indeed, those decisions seem to be consistent with our decision in this case. The statements in those cases that the subordination agreements involved there were unconditional and unlimited do not support the argument that if "A" subordinates to "C" without also subordinating to "B," the subordination is "limited" and "A" remains superior to "B."

In any event, we have reviewed the subordination

agreement in the present case and it is unlimited and unconditional vis-a-vis third parties. It provides in material part that, ". . . the subordinate party (senior security deed) hereby subordinates and makes inferior all of its right, title and interest in and under the subordinated security deed to the first security deed (junior security deed). . ." The subordination of the rights of the senior secured party to those of the junior secured party is not stated upon the condition that there are no intervening parties who would thereby be elevated above both of them, as in Colorado Nat. Bank v. F. E. Biegert Co., 165 Colo. 78 (438 P2d 506) (1968), cited in Pope Heating & Air Conditioning, supra. Nor is the present subordination agreement couched in language which would permit the interpretation that the senior and junior security deed holders were merely switching positions in the scale of priorities, i.e., that they had executed a subrogation type agreement which would not adversely affect the rights of intervening lienholders. Therefore, we agree with the opinion of the Court of Appeals and its judgment will be affirmed.

*Judgment affirmed. All the Justices concur. Hill and Bowles, JJ., disqualified.*

ARGUED APRIL 11, 1977 — DECIDED JUNE 9, 1977 —
REHEARING DENIED JULY 1, 1977.

*Westmoreland, Hall, McGee & Warner, P. Joseph McGee, John L. Westmoreland, Jr., Troutman, Sanders, Lockerman & Ashmore, John J. Dalton,* for appellants.

*Harland, Cashin, Chambers, Davis & Doster, Harry L. Cashin, Jr., Thomas J. Venker, Morton, Humphries & Payne, J. D. Humphries, III,* for appellees.