57423. COMMERCIAL BANK v. STAFFORD.

Deen, Chief Judge.

This appeal involves conflicting claims to a sum paid into court for disbursement following eminent domain proceedings for the acquisition of an easement in certain

land belonging to W. A. Stafford. The owner executed a security deed to The Commercial Bank as collateral for a loan. Subsequently thereto Anna Stafford obtained a judgment against W. A. Stafford which was properly recorded in the general execution docket of Clarke County, thereby obtaining priority over a second security deed which Stafford later executed as collateral for a loan obtained from the First American Bank & Trust Co. Coincident with this there was filed for record an agreement by The Commercial Bank subordinating "its lien and title under the aforesaid security deed" to the junior loan deed of First American.

By the time the fund here at issue had been paid into court all money owing by Stafford to the First American had been paid, and that bank made no claim. Anna Stafford, as holder of the recorded judgment lien which was admittedly superior to the lien of First American, claimed the fund on the basis that The Commercial Bank having subordinated its senior lien to First American, it was of necessity subordinated to her lien. This, indeed, was the holding in *Old Stone Mtg. &c. Trust v. New Ga. Plumbing, Inc.,* 239 Ga. 345 (236 SE2d 592) (1977). In that case the first loan deed was subordinated to the second loan deed with knowledge of intervening materialmen's liens and was held to have thereby been subordinated also to the materialmen's liens.

One salient fact prevents *Old Stone Mortgage* from constituting a precedent here, which is that after the junior mortgagee was paid in full the subordination agreement as well as the junior mortgagee's loan deed became functus officio and of no further force and effect. "A security deed is automatically released and satisfied by full payment of the secured indebtedness, and title passes by operation of law back to the grantor or to those claiming under him. The title which thus revests upon payment is in no way affected by liens, encumbrances, or rights which would otherwise attach by virtue of title having been vested in the grantee." Pindar, Ga. Real Estate Law, § 21-53, p. 808; *Hennessy v. Woodruff,* 210 Ga. 742 (4) (82 SE2d 859) (1954). This statement tracks Code § 67-1301 which provides that such deeds pass title to the grantee only "until the debt or debts which said

conveyance was made to secure shall be fully paid." There being no second loan deed any longer in existence, there is no subject matter on which the subordination agreement, itself a simple contract, can operate. The precedence of intervening liens while the debts remained unpaid was no part of the contract; it was merely an equitable manner of solving the problem of a circuity of liens. Cf. In re Distribution of Proceeds From Sheriff's Sale (Pa. Super.), 345 A2d 921 (1975).

The trial court erred in holding that Mrs. Stafford's lien was entitled to a first priority claim on the fund to be divided.

*Judgment reversed and remanded to the trial court with direction that the fund be distributed to appellant. McMurray, P. J., and Shulman, J., concur.*

ARGUED MARCH 7, 1979 — DECIDED APRIL 13, 1979 — REHEARING DENIED APRIL 30, 1979 —

*Rupert A. Brown, George B. Brooks,* for appellant.
*Hudson & Montgomery, Jim Hudson, Albert Caproni, III,* for appellee.