68622. OGLETHORPE REALTY COMPANY, INC. v. HAZZARD.
(321 SE2d 820)

SOGNIER, Judge.

Georgia Ann Hazzard sought damages from Oglethorpe Realty Co., Inc. (Oglethorpe), Thomas Campbell (real estate agent), and David White (seller) for the concealment of a latent defect in property purchased by Hazzard from White. The trial court denied Oglethorpe's motion for a directed verdict and entered judgment on a jury verdict in favor of Campbell and White but against Oglethorpe. The trial court denied Oglethorpe's motion for judgment notwithstanding the verdict and Oglethorpe appeals.

1. Appellant contends the trial court erred by denying its motion for j.n.o.v. because appellee failed to establish the value of the damaged house and property. Appellant argues that appellee's testimony alone was not sufficient to establish the value of the property.

Viewing the evidence in a light most favorable to appellee as the party who secured the jury verdict, see *Bryant v. Colvin*, 160 Ga. App. 442, 444 (287 SE2d 238) (1981), we hold that some evidence existed to support the verdict. See *Ga. Farm Bureau Mut. Ins. Co. v. Matthews*, 149 Ga. App. 350, 351 (254 SE2d 413) (1979). Appellee's opinion of the value of her property before and after the flooding was based upon the estimates, comparisons, and opinions of others and upon her own experiences with the flooding of her house. "One need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion." OCGA § 24-9-66; *Hoard v. Wiley*, 113 Ga. App. 328, 332 (147 SE2d 782) (1966). Appellee's testimony set forth the basis of her opinion and indicated she had had an opportunity to form a correct opinion. Further, appellee introduced into evidence photographs depicting the exterior and interior of the house during flooding and dry periods. These photographs enabled the jury to form their own opinion as to the damages alleged. See *Southern Mut. Investment Corp. v. Langston*, 128 Ga. App. 671, 674 (197 SE2d 775) (1973); *Rutland v. Jordan*, 111 Ga. App. 106 (140 SE2d 498) (1965); *Rogers v. Western &c. Atlantic R.*, 209 Ga. 450 (74 SE2d 87) (1953). Accordingly, appellee produced sufficient evidence for the jury to determine damages.

2. Appellant's second, fourth, and fifth enumerations of error state the verdict was inconsistent, contrary to the evidence, and strongly against the weight of the evidence. However, due to appellant's failure to include a complete transcript of the trial proceedings in the record on appeal, we must assume that the evidence was sufficient to support the jury verdict. See *Barnett v. Freeman*, 157 Ga. App. 760, 761 (278 SE2d 694) (1981).

3. We find no merit in appellant's contention that the verdict was contrary to law because appellant, as White's agent, could not be liable unless the principal, White, was also liable. Under Georgia law, an agent can be held individually liable apart from his principal for his own tortious acts and for undertakings exceeding the scope of his authority. See OCGA §§ 10-6-84, 10-6-85. In the absence of the complete record and transcript, we must assume that there was sufficient evidence to support the jury verdict against appellant. *Barnett*, supra.

Similarly, the trial court did not err by refusing to charge the jury as requested: "Where an agent discloses his agency, he may void personal liability." The principle of agency disclosure concerns contractual liability which was not an issue in this case. See *Fletcher Emerson Mgt. Co. v. Davis*, 134 Ga. App. 699, 700 (215 SE2d 725)

(1975). The trial court was not required to give a jury charge on a matter not in issue. See *King v. Ellis,* 104 Ga. App. 335, 336 (121 SE2d 815) (1961).

4. Appellant's remaining enumeration alleges error in appellee's failure to establish the cost of repairing the latent defect. Appellee alleged injury to both her house and the property on which the house stood. The correct measure of damages for injury to realty is the difference in the value of the property before and after the injury. *Southern Mut. Investment Corp.,* supra at 674. Cost of repairs is the appropriate measure of damages if the injury is to the building alone. *Holland Furnace Co. v. Willis,* 120 Ga. App. 733, 739 (172 SE2d 149) (1969). Appellee's proof of damages did not require evidence of cost and repairs.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 13, 1984.

*Martin S. Jackel,* for appellant.
*Willyerd R. Collier,* for appellee.