A89A1348. SMELTZER v. BANK OF FITZGERALD.
(386 SE2d 406)

SOGNIER, Judge.

The Law Office of Rick Ellis, as Successor in Interest to the Law Firm of Ellis & Hughes, in its capacity as Trustee for William S. and Judith H. Smeltzer, brought an action in trover against the Bank of Fitzgerald, alleging the Bank had converted $41,000. The trial court held that The Law Office of Rick Ellis was not a legal entity, and ordered the substitution of Judith and/or William Smeltzer as plaintiff, and the action continued in the name of Judith Smeltzer. Cross-motions for summary judgment were filed, and Smeltzer appeals the trial court's order resulting in her substitution as plaintiff as well as the trial court's denial of her motion for summary judgment and grant of that of the Bank.

The record reveals that on April 17, 1986, William Smeltzer or-

dered the Fidelity Bank of Philadelphia, Pennsylvania to wire $41,000 from the joint account held in his name and that of appellant to the escrow account of Rick Ellis at appellee bank. Appellant testified by affidavit that the purpose of the transfer was to enable Ellis, acting as appellant's agent, to purchase certain real estate in Wilcox County, Georgia. However, despite Smeltzer's instructions, the Fidelity Bank inadvertently failed to designate any account into which the funds were to be paid, and merely wired the funds to appellee without *any* limiting instructions. Upon receiving the funds, appellee immediately applied the funds to an existing indebtedness of Smeltzer to appellee, satisfying it in full, and did not learn until the next day that Ellis had been expecting a wire transfer of $41,000 to his escrow account. The documents involved in the wire transfer clearly show that the escrow account was not mentioned, nor was any other designation or limitation made on the funds.

1. Appellant contends the trial court abused its discretion by ordering the substitution of herself and/or her husband as plaintiff(s) below because even if "the Law Office of Rick Ellis" was not a legal entity, then Rick Ellis individually or the partnership of Ellis & Hughes would be reasonably recognizable as the proper party to be substituted pursuant to OCGA § 9-11-17, and not William S. and/or Judith H. Smeltzer.

It is undisputed that the Law Office of Rick Ellis is not a legal entity and thus the misnomer must be corrected. See generally *Russell v. O'Donnell*, 132 Ga. App. 294, 296 (208 SE2d 107) (1974). In addition, OCGA § 9-11-17 (a) provides that "[e]very action shall be prosecuted in the name of the real party in interest. . . . [However, n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Thus, under OCGA § 9-11-17, substitution of the real party in interest is proper as well. Appellant argues, however, that the real party in interest in this case is Rick Ellis, as appellant's retained attorney and the owner of the escrow account into which it was intended that the wire transfer be deposited. We do not agree.

We find no merit in any of appellant's arguments that Rick Ellis is the real party in interest based on Ellis's possession, actual or constructive, of the funds, because the record indicates affirmatively that wired funds are the equivalent of cash, and that the funds in question were wired to appellee without limitation or direction to credit Ellis' account, and were never deposited to Ellis's account. Thus Ellis did not have possession of the funds. Nor do we agree with appellant that Ellis had standing to maintain the action based on his status as trustee of the funds. Although OCGA § 9-11-17 (a) provides that "

trustee of an express trust . . . may bring an action in his own name without joining with him the party for whose benefit the action is brought," an express trust must be created or declared in writing, OCGA § 53-12-23, and no such writing exists here. See also *Tiedeman v. Imperial Fertilizer Co.*, 109 Ga. 661, 664-665 (34 SE 999) (1900), where the Supreme Court held that " '[a]n attorney's possession of the money of his client is more like that of a mere agent or bailee." Further, contrary to appellant's argument, generally an agent has no authority to enforce in his own name the rights of his principal. *Evans Marketing Agency v. Federated &c. Growers*, 170 Ga. 30, 36 (152 SE 49) (1930).

Accordingly, we find no error in the trial court's order requiring substitution of appellant and/or her husband, William, as party plaintiff.

2. Turning to the merits of the case, appellant contends the trial court erred by denying her motion for summary judgment and granting summary judgment in favor of appellee.

(a) Appellant first argues, relying on *Nat. City Bank v. Busbin*, 175 Ga. App. 103, 105 (2) (332 SE2d 678) (1985), that the requirements for setoff were not present here, because Smeltzer had no general deposit account at appellee to which the funds were wired. The record reveals, however, that Smeltzer was indebted to appellee for over $40,000 on notes which he had personally guaranteed, and that those notes contained the following provision: "[Appellee] may but shall not be required to, apply, on or after demand, to the payment of this debt, *any funds*, credit or property held by or in possession of [appellee], on deposit, in trust *or otherwise*, for account of any Borrower." (Emphasis supplied.) These contractual provisions did not require the debtor (Smeltzer) to have an account at appellee's facility to activate appellee's right of setoff, and thus this argument of appellant must fail.

(b) Appellant next argues that appellee's knowledge that the funds were intended for the Ellis escrow account precludes a setoff. We do not agree. "It is well settled in this state, as in a sizeable number of other jurisdictions, that unless funds deposited with a lending bank are in an account governed by an agreement which designates the funds as trust funds, or *unless the lending bank by other means has actual knowledge* that the funds . . . are intended to discharge a specific obligation or otherwise partake of the character of trust funds, then the funds are treated as any other general deposit funds, are commingled with other funds on deposit with the bank, and are subject to set-off against any matured indebtedness for which the bank is creditor to the principal. [Cits.]" (Emphasis supplied.) *Cotton States &c. Ins. Co. v. C & S Nat. Bank*, 168 Ga. App. 83, 87 (2) (308 SE2d 199) (1983). Thus, because the evidence is uncontroverted that

appellee had no knowledge the wired funds were intended for the Ellis escrow account when it set off the funds against Smeltzer's debt, we find that the setoff was not precluded.

(c) Appellant finally contends that even were a setoff permissible against Smeltzer's debts, the funds wired actually belonged to appellant, and not to her husband, because even though the funds originated in a joint account, when *received* by appellee, they belonged to appellant and not to Smeltzer. Appellant cites no authority for this proposition nor has research uncovered any. It is uncontroverted that Smeltzer was fully authorized to withdraw the funds from the joint account, and the record reveals that although appellee knew the funds had been ordered withdrawn from a joint account, even assuming the funds actually belonged solely to appellant (which would be a question of fact), that question of fact would not be material to the resolution of this case because appellee had no knowledge whatsoever that the funds belonged to anyone other than Smeltzer. See generally *McRitchie v. Atlanta Trust Co.*, 170 Ga. 296, 301-302 (1), 313-314 (10) (152 SE 834) (1930). Although appellant and/or her husband may have recourse against the Philadelphia bank which erroneously failed to transmit Smeltzer's explicit directions in wiring the funds, no liability on the part of appellee has been shown. Accordingly, the trial court properly granted summary judgment to appellee.

3. Appellant's remaining enumeration of error is without merit.
*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1989.

*Rainwater & Christy, Gary C. Christy, David A. Forehand, Jr.,* for appellant.
*Mills & Chasteen, Ben B. Mills, Jr.,* for appellee.