A92A0235. BALES v. CENTRAL BANK & TRUST COMPANY.

(420 SE2d 358)

Carley, Presiding Judge.

Appellant-defendant is the guarantor of a note held by appellee-plaintiff. After the note went into default, the collateral which secured it was sold by appellee. Appellee then initiated the instant deficiency action against appellant. Appellant answered and asserted that the collateral had been sold "in a commercially unreasonable *manner*. . . ." (Emphasis supplied.) After discovery, appellee moved for summary judgment. The trial court granted appellee's motion and appellant appeals.

OCGA § 11-9-504 (3) provides, in relevant part, that "every aspect of the [post-default] disposition [of the collateral] including the

method, manner, time, place, and terms must be commercially reasonable." In his answer, appellant challenged only the "manner" in which the post-default disposition of the collateral had been made. In its motion for summary judgment, appellee introduced uncontradicted evidence that the post-default disposition of the collateral had been made in a commercially reasonable "manner." On appeal, appellant urges only that it was error to grant appellee's motion because a genuine issue of material fact remains as to the commercial reasonableness of the "terms" of the post-default disposition of the collateral.

Since OCGA § 11-9-504 (3) itself recognizes that the "manner" and the "terms" are separate and distinct aspects of the commercial reasonableness of a post-default disposition of the collateral, it follows that the commercial reasonableness of each of those aspects is likewise a separate and distinct issue. See *Emmons v. Burkett*, 256 Ga. 855, 856 (2) (353 SE2d 908) (1987); *McMillian v. Bank South*, 188 Ga. App. 355, 356 (2) (373 SE2d 61) (1988). In his answer, appellant challenged only the commercial reasonableness of the "manner" in which the post-default disposition of the collateral had been made. Accordingly, there was no burden on appellee to address in its motion the issue of the commercial reasonableness of the "terms" of the post-default disposition. "Although it is axiomatic that '(o)n a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant,' [cit.], exactly *what* facts the movant must rebut can only be determined by reference to what particular facts have been pleaded or otherwise shown by the record in each individual case. . . . Where there is no allegation of a particular fact, and no evidence showing such a fact, the movant need not disprove that fact, in order to prevail." *Baldwin County Hosp. Auth. v. Coney*, 188 Ga. App. 339, 340 (1) (373 SE2d 252) (1988). "In the instant case, appellant did *nothing* in the trial court which could be construed as a challenge to the commercial reasonableness [of the terms] of the sale of the [collateral]. It follows that appellant failed to render commercial reasonableness [of the terms of the sale] a material fact in the instant case and that the absence of evidence as to that issue is no ground for reversing the trial court's grant of summary judgment in appellee's favor. [Cit.]" (Emphasis in original.) *Branch v. Charlie Pike Chevrolet-Buick*, 198 Ga. App. 672, 673 (2) (402 SE2d 544) (1991).

If, unlike the instant case, commercial reasonableness of the terms is specifically contested by the defendant-debtor, " '[t]he burden is on the secured party to prove the value of the collateral at the time of repossession and that such value does not equal the debt. . . .' " *Farmers Bank v. Hubbard*, 247 Ga. 431, 435 (276 SE2d 622) (1981). For purposes of summary judgment, a plaintiff-creditor

may not meet his burden of proving the value of the collateral by opinion testimony. See generally *Jain v. Carload Delivery Svc.*, 189 Ga. App. 95, 97 (375 SE2d 99) (1988). If, however, the debtor does specifically contest the commercial reasonableness of the terms of the post-default disposition and successfully avoids summary judgment on that basis, he may nevertheless subject himself to potential liability for attorney's fees and expenses of litigation should it subsequently appear that his contest of that issue falls within the proscription of OCGA § 9-15-14.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 26, 1992.

*Alfred L. King, Jr.,* for appellant.
*Russell T. Bryant,* for appellee.