A92A2433. INMAN et al. v. TRUST COMPANY BANK.
(428 SE2d 805)

CARLEY, Presiding Judge.

The relevant facts in the instant appeal are as follows: After repossessing and selling a motor vehicle which it had financed for appellant-defendants, appellee-plaintiff brought suit to recover a deficiency judgment. Appellants answered and, after discovery, appellee moved for summary judgment. Appellee relied upon the affidavit of one of its officers who, based upon his prior experience, was of the opinion that the vehicle had been sold for its fair market value. The affidavit of appellee's expert also referred to his reliance upon a "NADA Guide" which was not otherwise identified and no copy of which was attached thereto. Compare *Lee v. Trust Co. Bank*, 204 Ga. App. 28 (2) (418 SE2d 407) (1992). In opposition to appellee's motion, one of the appellants submitted an affidavit wherein he opined that, based upon his own prior experience, the fair market value of the vehicle was greater than the amount for which it had been sold by appellee. The trial court granted summary judgment in favor of appellee and appellants appeal.

"For purposes of summary judgment, a plaintiff-creditor may not meet his burden of proving the value of the collateral by opinion testimony. [Cit.]" *Bales v. Central Bank &c. Co.*, 204 Ga. App. 675, 676-677 (420 SE2d 358) (1992). Accordingly, appellee did not meet its initial burden as the movant for summary judgment. Moreover, even assuming that the affidavit of appellee's expert was otherwise sufficient to meet appellee's initial burden, the affidavit submitted in opposition

to appellee's motion was likewise sufficient to create a genuine issue of material fact as to the fair market value of the vehicle. A basis upon which appellants, as owners of the vehicle, could have formed a correct opinion as to the fair market value thereof was adequately shown. *Godowns v. Cantrell*, 186 Ga. App. 100 (366 SE2d 415) (1988). Compare *Lee v. Trust Co. Bank*, supra at 28 (2) (wherein the defendant-creditor failed to adduce any evidence in opposition to the plaintiff-creditor's showing). It follows that the trial court erred in granting summary judgment in favor of appellee.

*Judgment reversed. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 3, 1993.

*Sutton & Associates, Berrien L. Sutton*, for appellants.
*Stokes, Lazarus & Carmichael, Richard J. Joseph*, for appellee.