A95A0022. HODGE v. SADA ENTERPRISES, INC. et al.
(458 SE2d 876)

BIRDSONG, Presiding Judge.

Wesley P. Hodge appeals the grant of summary judgment to SADA Enterprises, Inc., and Jay Patel on Hodge's claims arising from an incident while Hodge was a guest at Kings Motor Inn. Both defendants were sued individually and as doing business as Kings Motor Inn.

Hodge contends the trial court erred by granting summary judgment in this case on grounds not asserted in the motion for summary judgment. We agree and reverse.

Hodge was shot during a robbery while attempting to recover his stolen property; when Hodge realized that someone was stealing his property from his room, he chased the robbers from his room and was shot when one of them suddenly turned and fired a pistol. Ultimately, Hodge filed this action alleging that appellees had a duty to use due care to keep the motel premises reasonably safe and to take such reasonably necessary precautions to protect the guests from foreseeable criminal attacks. His complaint further alleged that appellees had ac-

tual, imputed, or constructive knowledge the motel was in a high crime area, that there had been numerous criminal attacks on guests while at the motel, that attacks were reasonably likely, and that appellees knew or should have known that persons with criminal intent could and would enter the premises unless reasonable precautions were taken to prevent or deter such persons from gaining access to the premises. The complaint also set forth various ways in which appellees failed to take reasonable precautions to protect the guests.

After appellees answered denying liability, they moved for summary judgment. The motion contended that Hodge failed to exercise ordinary care for his own safety upon discovering a potentially dangerous situation, and that Hodge's actions were the cause of his injury. Appellees contended that Hodge's action in chasing the criminal who stole his property was the sole proximate cause of his injuries, and that, as a matter of law, chasing an unknown criminal intruder from a place of safety, at night in an unknown city, constituted the failure to exercise ordinary care for one's own safety.

Appellees' motion, however, did not challenge the allegations in Hodge's complaint concerning appellees' knowledge of previous criminal activity at the motel. Moreover, appellees' statement of undisputed material facts did not assert facts that denied knowledge of previous criminal activity at the motel.

Nevertheless, the trial court granted summary judgment, not on the bases asserted in the motion, but because the trial court found that Hodge had not established that criminal activity substantially similar to the criminal activity which caused his injuries had occurred previously at the motel. Hodge contends the trial court erred by granting summary judgment on a ground that was not asserted in the defendants' motion and also contends the trial court erred by granting summary judgment for any reason. *Held*:

1. Under our law, "[t]o prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out

by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

Nothing in *Lau's Corp.*, however, places a burden on a plaintiff to respond to issues which are not raised in the motion for summary judgment or to present its entire case on all allegations in the complaint — even on issues not raised in the defendants' motion. Indeed, until appellees pierced the allegations of Hodge's complaint on a particular issue, he was neither required to respond to the motion on that issue (*Sullivan v. Fabe*, 198 Ga. App. 824, 825 (403 SE2d 208); *Doughty v. Assoc. Commercial Corp.*, 152 Ga. App. 575, 576 (263 SE2d 493)), nor required to produce evidence in support of his complaint on that issue. *Hamner v. Emory Univ.*, 190 Ga. App. 788, 789 (380 SE2d 83); *Baldwin County Hosp. Auth. v. Coney*, 188 Ga. App. 339, 341 (373 SE2d 252); *Hill v. Goodyear Tire &c. Co.*, 187 Ga. App. 890, 891 (371 SE2d 661). See also *Bales v. Central Bank &c. Co.*, 204 Ga. App. 675, 676 (420 SE2d 358): The issues that must be rebutted on motion for summary judgment are those raised by the motion. Consequently, Hodge was not required to present proof on all matters raised in his complaint until appellees pierced his complaint on those issues.

Although our law concerning motions for summary judgment allows a trial court to grant, sua sponte, a summary judgment, a trial court's authority to do so is not unlimited. The grant of summary judgment must be proper in all other respects. *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 170 (390 SE2d 257). "This means that in addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment. [*Famble v. State Farm Ins. Co.*, 204 Ga. App. 332, 336 (419 SE2d 143)]; OCGA § 9-11-56." *Spivey v. Safeway Ins. Co.*, 210 Ga. App. 775, 776 (437 SE2d 641). This record shows that although the trial court granted summary judgment on a ground that was not raised in appellees' motion for summary judgment, Hodge was neither given notice the court intended to consider an issue not raised in appellees' motion nor given the opportunity to respond on that issue before summary judgment was granted.

Accordingly, the trial court erred by granting summary judgment on an issue which was not raised in appellees' motion.

2. Although appellees urge us to affirm the grant of summary judgment under the right for any reason theory, we find no basis to

do so on this record. Issues of negligence and causation such as these are generally not appropriate for summary adjudication (see *Smith v. Southeastern &c. Ins. Co.*, 258 Ga. 15, 16 (365 SE2d 105); *Collie v. Hutson*, 175 Ga. App. 672, 673 (334 SE2d 13)), and the existing record does not warrant an exception from the general rule. Moreover, the issues which appellees assert require determination of whether, applying the reasonable man standard to the evidence, Hodge's action was the sole proximate cause of his injuries and whether under the circumstances, he exercised sufficient care for his own safety. Such issues are generally for resolution by the factfinder, and, in particular, under this record as it now exists they were for the jury. *North v. Toco Hills*, 160 Ga. App. 116, 119 (286 SE2d 346). Further, because appellees will bear the burden of proof at trial on the affirmative defenses raised in their motion, they could not prevail on their motions by merely demonstrating by reference to the record the absence of evidence disproving their affirmative defenses. See *Lau's Corp. v. Haskins*, supra at 495.

Therefore the grant of summary judgment must be reversed.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 30, 1995.

*William S. Stone*, for appellant.

*Swift, Currie, McGhee & Hiers, John W. Campbell*, for appellees.