A95A1426. SEARS MORTGAGE CORPORATION et al. v. LEEDS BUILDING PRODUCTS, INC.
A95A1427. WEIBLEN v. LEEDS BUILDING PRODUCTS, INC.
(464 SE2d 907)

RUFFIN, Judge.

Sears Mortgage Corporation and other plaintiffs ("Sears plaintiffs") including Albert Weiblen (collectively "plaintiffs") purchased or financed purchases of homes ("properties") from residential builder Peach Communities, Inc. ("Peach"). Peach built the properties with construction materials purchased on credit from Leeds Building Products, Inc. ("Leeds"). In connection with the credit transactions, Peach executed security deeds on each of the properties to serve as collateral for the construction materials purchased for each home. Rita Taylor, a Leeds credit manager, stated that after a Peach representative executed the deeds, she collected them from Peach's office, and as Leeds admits in its brief, "[s]he would add her signature as the unofficial witness and send them to Leeds' attorneys for filing."

When plaintiffs closed on the purchases of the properties from Peach, they had no actual knowledge of the Leeds security deeds, and as a result the security deeds were not satisfied at closing. Problems arose after the closings on the properties when Peach encountered financial problems and could not satisfy its debts to Leeds. Leeds thereafter demanded that plaintiffs satisfy the debts secured by the security deeds. When plaintiffs refused, Leeds threatened foreclosure and advertised notices of sale under the power of sale provisions contained in the deeds. Sears plaintiffs filed the instant action against Leeds seeking to enjoin Leeds from foreclosing on the properties and for damages allegedly resulting from fraud and wrongful foreclosure. In a separate suit, Weiblen sued Leeds to enjoin the foreclosure and for fraud.

The parties in both suits moved for summary judgment. The trial court granted Leeds' motion for summary judgment and denied plaintiffs' motion. In Case No. A95A1426, Sears plaintiffs appealed, asserting that the security deeds were not properly recorded and did not provide constructive notice because they were improperly witnessed. Sears plaintiffs also assert that the trial court erred in denying summary judgment on their claims against Leeds for fraud and wrongful foreclosure. In Case No. A95A1427, Weiblen asserts essentially the same errors but has no claim for wrongful foreclosure. We consider both appeals jointly, and because we find that the court properly found no evidence of fraud, but erroneously found that the deeds provided constructive notice to plaintiffs, we affirm in part and reverse in part.

1. In order to record a security deed, it must be "attested by or

acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds of bargain and sale," and must also be attested or acknowledged by one additional witness. OCGA §§ 44-14-61 and 44-14-33. "Attestation is the act of witnessing the actual execution of a paper, and subscribing one's name as a witness to that fact. . . . A witness to an instrument can not know that the signature of the maker thereto is his signature unless he either sees the maker sign the instrument, or unless the maker acknowledges to the witness that the signature thereto is his signature." (Citations omitted.) *Wood v. Davis*, 161 Ga. 690, 694 (1) (131 SE 885) (1926) (interpreting former Civil Code 1910, § 3846). See also *Bloodworth v. McCook*, 193 Ga. 53 (1) (17 SE2d 73) (1941). "Acknowledgment is the act of a grantor in going before some competent officer and declaring the paper to be his deed; and to make such acknowledgment good in law, it must be accompanied by the certificate of the officer that it has been made." *White & Co. v. Magarahan*, 87 Ga. 217, 219 (1) (13 SE 509) (1891). "[A] deed not properly attested or acknowledged, as required by statute, is ineligible for recording and, even if recorded, does not constitute constructive notice. [Cit.]" *Higdon v. Gates*, 238 Ga. 105, 107 (231 SE2d 345) (1976). If the property is subsequently purchased without actual notice of the improperly recorded security deed, the subsequent purchaser's title is superior to the improperly recorded security deed. See OCGA § 44-2-1. See also *Donalson v. Thomason*, 137 Ga. 848 (5) (74 SE 762) (1912).

In this case, Leeds admitted that the unofficial witness was not present when Peach executed the security deeds and there is no evidence that the Peach representative who executed the deeds acknowledged the deeds were Peach's in the manner prescribed. Accordingly, the deeds were not properly attested or acknowledged, and although recorded, they did not provide plaintiffs constructive notice of their content. Thus, because plaintiffs had no actual or constructive knowledge of the security deeds, the security deeds lost whatever priority they may have had over plaintiffs' title. See OCGA § 44-2-1. There being no issues of material fact to contradict the superiority of plaintiffs' title to the properties over the Leeds security deeds, Leeds has no right to sell the properties under the power of sale provisions contained in the security deeds. Accordingly, the trial court erred in granting Leeds summary judgment and denying plaintiffs' motion for summary judgment to enjoin Leeds from foreclosing on the properties.

2. Having ruled in Division 1 that Leeds has no right to foreclose on the properties, we are constrained to find that its actions in initiating foreclosure proceedings against the Sears plaintiffs were also improper. While the trial court correctly ruled that no evidence of fraud appears in the record supporting a claim of wrongful foreclosure, a

claim for wrongful foreclosure need not be based on fraud. Rather, " '[t]here exists a statutory duty upon a mortgagee to exercise fairly and in good faith the power of sale in a deed to secure debt. OCGA § 23-2-114. . . . [Cits.]' " *Tower Financial Svcs. v. Smith*, 204 Ga. App. 910, 916 (2) (423 SE2d 257) (1992). Damages resulting from a wrongful foreclosure, whether arising in tort or contract, are compensable at law. Id. See also *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285 (1) (443 SE2d 837) (1994); *Clark v. West*, 196 Ga. App. 456 (a) (395 SE2d 884) (1990). Furthermore, contrary to Leeds' arguments, it is not necessary that the foreclosure be completed to bring an action for wrongful foreclosure. The fact that Leeds initiated foreclosure proceedings by advertising the properties for sale is sufficient to support a claim for wrongful foreclosure. See *Sale City &c. Co. v. Planters & Citizens Bank*, 107 Ga. App. 463 (130 SE2d 518) (1963) (interpreting former Code Ann. § 37-608). Accordingly, because Leeds advertised the properties for foreclosure without the right to do so, the trial court erred in denying plaintiffs' motion for summary judgment as to Leeds' liability for wrongful foreclosure. However, because it is unclear from the record what damages Sears plaintiffs suffered from the wrongful foreclosure, the case must be remanded for a determination of damages.

3. Plaintiffs also contend the trial court erred in granting Leeds summary judgment on plaintiffs' fraud claim. In its order the court found that plaintiffs "presented no evidence that Leeds made misrepresentations to them upon which they relied, nor that Leeds intended to defraud them." Plaintiffs contend the trial court used an impermissibly narrow standard in assessing their fraud claim because a showing of fraud can be made without evidence of affirmative misrepresentations. In their briefs, plaintiffs present several types of fraud that do not require affirmative misrepresentations and cite facts which purportedly demonstrate that material issues of fact remain as to their fraud claim. However, none of the facts cited would support a claim for fraud of any type.

" 'The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. [Cit.] . . . [Cit.]' " *Cobb County School Dist. v. MAT Factory*, 215 Ga. App. 697, 700-701 (2) (a) (452 SE2d 140) (1994). The first element of fraud does not necessarily require a showing of an affirmative misrepresentation, and may be shown in appropriate cases by evidence of suppression of a material fact or surprise. See OCGA §§ 23-2-51 through 23-2-54. However, " '[f]or an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort.' [Cit.]" *MAT Factory*, supra.

In this case plaintiffs have not demonstrated, and we do not see, how any of the recited facts show even the first element of fraud, by false representation, omission or surprise. The facts merely demonstrate that Leeds and Peach had a creditor/debtor relationship and that when Peach could not satisfy its debts, Leeds turned to plaintiffs for payment. Although we concluded in Division 1 that plaintiffs are entitled to summary judgment on their claim for injunctive relief, because the deeds were improperly recorded, we find nothing in the facts cited in the briefs that amounts to fraud by Leeds. Although the trial court may not have considered plaintiffs' assertions of fraud by omission or surprise, no genuine issues of material fact exist which support those assertions. "A grant of summary judgment must be affirmed if it is right for any reason. [Cit.]" *Young v. Faulkner*, 217 Ga. App. 321, 325 (3) (457 SE2d 584) (1995). We thus affirm the trial court's grant of summary judgment to Leeds on plaintiffs' fraud claims.

*Judgment affirmed in part and reversed in part. Beasley, C. J., and Pope, P. J., concur in Division 2 and in the judgment.*

DECIDED DECEMBER 5, 1995.

*Glen E. Stinson,* for appellants (case no. A95A1426).

*Perrie, Buker, Stagg & Jones, Robert E. Stagg, Jr., Cheryl V. Shaw,* for appellant (case no. A95A1427).

*Siegel & Golder, Mark L. Golder,* for appellee.