A98A1248. McCALLA, RAYMER, PADRICK, COBB, NICHOLS & CLARK v. C.I.T. FINANCIAL SERVICES, INC. et al.

(508 SE2d 471)

SMITH, Judge.

This interpleader action was filed by the law firm of McCalla, Raymer, Padrick, Cobb, Nichols & Clark ("McCalla Raymer"), seeking to determine the proper disbursement of surplus funds in the amount of $15,710.97 from a foreclosure sale under power instituted by its client, Lincoln Savings Bank ("Lincoln"), not a party to this action. The trial court directed that McCalla Raymer deposit the surplus funds into the registry of the court, less its fee for bringing the interpleader; by the same order the trial court dismissed McCalla Raymer from the action. Appellee Aretha Grimes, who owned and resided on the property at the time of the foreclosure, then moved to set aside the order and brought a counterclaim against McCalla Raymer for the additional sum of $5,895.24 which she contended was improperly deducted from the surplus funds.

The trial court entered an order conditioning dismissal of McCalla Raymer from the action on the deposit of an additional $10,347.86 into the registry of the court, including expenses paid to Lincoln relative to the foreclosure, McCalla Raymer's attorney fees sought in the interpleader action, and all other fees associated with the foreclosure sale. McCalla Raymer appeals this order, asserting that the trial court exceeded its authority in ordering it to pay money not in its possession and in granting relief in the nature of damages for wrongful foreclosure or setting aside a foreclosure when the foreclosing party was not before the court. We agree.

The trial court's order expressly relies upon its determination that the foreclosure was improper. Aretha Grimes asserted in her answer that the foreclosure was improper and that she was not in default, and the trial court relied upon that assertion, stating that "the court is not convinced by a preponderance of the evidence that Grimes was in default as alleged in the complaint," citing testimony of Grimes and her husband that she was not in default and the disallowance of an arrearage claim of Lincoln in the United States Bank-

ruptcy Court.[1] But the proper party to any claim for wrongful foreclosure is not McCalla Raymer, which merely acted as counsel in the foreclosure; it is Lincoln, the foreclosing creditor and holder of the note and security deed on the property.

OCGA § 9-11-19 (a) provides: "A person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded among those who are already parties; or (2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest; or (B) Leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

To the extent Grimes sought relief from provisions of the security deed, she was obligated to bring such claims against the holder, Lincoln. To the extent the trial court sought to put into dispute sums that were awarded to Lincoln at foreclosure under the terms of the note and security deed, Lincoln was an indispensable party, and such a decision could not be made in its absence.

The security deed provided for any attorney fees incurred by the lender in protection of the premises, in collection of the debt, or in any other litigation affecting the premises to be paid by the debtor and secured by the security deed. The deed also provided for the deduction of costs and expenses of the sale, expenses of protecting the property, and attorney fees from the proceeds of the sale before payment of the secured indebtedness and distribution of any surplus. Lincoln, the holder of the note and security deed, clearly has an interest in the subject matter of this action, and the trial court's decision finding the foreclosure improper directly affects its interest. Moreover, to the extent that sums already have been paid to Lincoln by McCalla Raymer, the trial court's disposition of this action leaves McCalla Raymer subject to the risk of incurring a double obligation. Finally, an attorney is not a proper party when he merely holds money for his client, because "an attorney's possession of the money of his client is more like that of a mere agent or bailee." (Citation and punctuation omitted.) *Smeltzer v. Bank of Fitzgerald*, 192 Ga. App. 747, 749 (1) (386 SE2d 406) (1989) (attorney not real party in interest in litigation over client's funds).

On the limited record before us, we have no basis to discern the method by which Grimes should have sought relief against Lincoln. But it is nevertheless clear that claims against Lincoln regarding the

---

[1] According to the trial court, this bankruptcy proceeding was voluntarily dismissed by Grimes, although the record does not contain either the dismissal or the bankruptcy court findings referred to by the trial court.

foreclosure of its note and security deed cannot be brought by counterclaim against its counsel in an interpleader action. "One cannot do indirectly what the law does not allow to be done directly. [Cit.]" *Phillips v. MacDougald*, 219 Ga. App. 152, 153 (2) (a) (464 SE2d 390) (1995). Any litigation regarding the propriety of costs and expenses provided for by the terms of the notes must include the real party in interest, Lincoln. In that party's absence, the trial court is limited to determining the appropriate claimant or claimants to the sum held by McCalla Raymer as surplus proceeds of the foreclosure sale, as well as the expenses and attorney fees incurred by McCalla Raymer in bringing the interpleader action under OCGA § 23-3-90. We therefore reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

*Judgment reversed and remanded. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 3, 1998.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Peter L. Lublin,* for appellant.
*Robert W. Broome,* for appellees.