A00A1370. McCARTER v. BANKERS TRUST COMPANY et al.
(543 SE2d 755)

ELDRIDGE, Judge.

Jeannette McCarter appeals the trial court's order granting summary judgment to Morris, Schneider & Prior, LLC ("the law firm"), in her action for wrongful foreclosure. This appeal concerns only the law firm and McCarter; her claims against the other defendants remain pending, and those defendants are not parties to this appeal. Bankers Trust Company of California, the lender on the deed to secure debt, after the foreclosure and sale of the property, set aside the sale and reinstated the loan with McCarter's equity of redemption restored as well.

---

McCarter had repeatedly been late in her monthly payments on her deed to secure debt; Bankers Trust Company had the loan principal accelerated after the most current payment was more than a month due and gave timely notice of foreclosure of the deed to secure debt under the powers contained in the note and deed to secure debt. The law firm commenced the foreclosure notice by publication and sale procedure; however, Bankers Trust Company, without notice to the law firm, agreed with McCarter to reinstate her loan, despite it being in default, and failed to instruct the law firm to stop the foreclosure proceedings. The law firm completed the foreclosure and sale.

Despite having recovered her property without suit, McCarter sued Bankers Trust Company, Option One Mortgage Corporation, the mortgage servicer, and the law firm for wrongfully and intentionally foreclosing on her property and wrongfully and intentionally publishing false information about her.

The law firm, in response to plaintiff's verified complaint, filed a verified answer and contended that, based on *McCalla, Raymer &c. v. C.I.T. Financial Svcs.*, 235 Ga. App. 95 (508 SE2d 471) (1998), it was not a proper party to the action because it merely acted as an agent for the lender and servicer and was unaware that McCarter had been successful in having her loan reinstated from a default status. These contentions were supported by an affidavit from the law firm partner who handled the foreclosure.

McCarter responded that under OCGA § 10-6-85, the law firm was responsible for its torts even when acting as an agent and, further, that the statements in *McCalla, Raymer* on which the law firm and the trial court relied were dicta. The trial court granted summary judgment to the law firm. We agree that the statements at issue in *McCalla, Raymer* were dicta and limit such language, but we hold that the trial court was right for any reason and affirm.

1. We find that the statements in *McCalla, Raymer*, supra at 95, on which the law firm and trial court relied were not controlling precedent. Whether a law firm could be a proper defendant in a wrongful foreclosure action was not an issue in that appeal. Nevertheless, the statement that "the proper party to any claim for wrongful foreclosure is not McCalla, Raymer, which merely acted as counsel in the foreclosure; it is Lincoln, the foreclosing creditor and holder of the note and security deed on the property," id. at 96, was correct under the facts of that case because the law firm was not a named party to the action, and the plaintiff made no allegations of tortious misconduct against the law firm or agent. However, this statement is limited to the facts of that case and is not a correct, broad statement of law generally.

McCarter contends that OCGA § 10-6-85 applies to the facts of

this case, which statute reads as follows:

> All agents, by an express undertaking to that effect, may render themselves individually liable. Every agent exceeding the scope of his authority shall be individually liable to the person with whom he deals; so, also, for his own tortious act, whether acting by command of his principal or not, he shall be responsible; for the negligence of his underservant, employed by him in behalf of his principal, he shall not be responsible.

See also *Oglethorpe Realty Co. v. Hazzard*, 172 Ga. App. 98, 99 (3) (321 SE2d 820) (1984).

McCarter, further, urges that *Miller & Miller v. Wilson*, 98 Ga. 567, 569 (25 SE 578) (1896); *Graham v. Frazier*, 82 Ga. App. 185, 195-196 (4) (60 SE2d 833) (1950); and *Haas & Howell v. Godby*, 33 Ga. App. 218, 222-223 (125 SE 897) (1925), control where the lawyer or other agent for a creditor erroneously levies or seizes personal property owned, not by the debtor, but by a third party and is liable for conversion and trover to the property owner. In *Miller & Miller v. Wilson*, supra at 569, the Supreme Court held:

> [w]hoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference that in doing so he acts in good faith, nor, in the case of an agent, that he delivers the property to his principal before receiving notice of the claim of the owner.

While such opinions are correct statements of abstract law regarding an action in conversion and trover, OCGA § 10-6-85 and the cited cases have no application to the facts and circumstances of this case.

First, these cited cases dealt with the seizing or delivering of personal property owned by another when the creditor, lawyer, or agent had no legal or equitable right to the property to satisfy a debt.

Second, under the facts of this case, Bankers Trust Company had legal title to the property under a deed to secure debt which was in default, thereby giving it a right to foreclose McCarter's equity of redemption and acquiring complete title to the property. Third, the evidence does not show that there was any impropriety in the notice, advertisement, or sale at foreclosure under a deed to secure debt so as to constitute a wrongful foreclosure.

Finally, McCarter contends that the law firm "wrongfully and intentionally" foreclosed upon her property and published false information about her, i.e., that she was in default on the deed to secure debt, which she was at the time of publication; thus, McCarter placed in issue her title to the property with no right in the law firm to fore-

close and the intent of the law firm to commit an intentional tort as an essential element of such causes of action.

2. "Under Georgia law, it is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." (Citations and punctuation omitted.) *Gordon v. South Central Farm Credit, ACA*, 213 Ga. App. 816, 817 (446 SE2d 514) (1994). Legal title passed to the lender from McCarter when the deed to secure debt was created, and the owner, McCarter, has a mere equity of redemption and right of possession of the realty until the secured debt has been satisfied in full. OCGA § 44-14-60; *Rhodes v. Anchor Rode Condo. Homeowner's Assn.*, 270 Ga. 139, 140 (1), (2) (508 SE2d 648) (1998); *Connolly v. State*, 199 Ga. App. 887, 889 (406 SE2d 222) (1991); *Commercial Bank v. Stafford*, 149 Ga. App. 736, 737-738 (256 SE2d 69) (1979); *Dixon v. Bond*, 18 Ga. App. 45, 47-48 (88 SE 825) (1916).

Thus, in this case, McCarter had no legal title to the property sold under the terms of the deed to secure debt, and there was a legal right to foreclose prior to opening the default. McCarter, in her complaint, admits that she was behind in her monthly payments and had violated the terms of the security deed, thereby authorizing sale of the property on the courthouse steps. OCGA § 44-14-160 et seq. Only through the indulgence of the lender was the deed to secure debt voluntarily reinstated for McCarter and the loan default allowed to be cured. Further, McCarter, in her complaint, admits that the foreclosure was legally conducted. In fact, after the foreclosure, the lender voluntarily had the foreclosure sale set aside because it had agreed to reinstate the deed to secure debt, and a mistake had been made by it in allowing the foreclosure to proceed.

The law firm breached no tort duties owed to McCarter, and it did not wrongfully foreclose the property. McCarter admits in judicio that the foreclosure was conducted according to the foreclosure statute, and a violation of the statute is necessary to constitute a wrongful foreclosure. See OCGA §§ 23-2-114; 44-14-160 et seq.; *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 286 (1) (443 SE2d 837) (1994); *Sears Mtg. Corp. v. Leeds Bldg. Products*, 219 Ga. App. 349, 351 (2) (464 SE2d 907) (1995); *Tower Financial Svcs. v. Smith*, 204 Ga. App. 910, 916 (2) (423 SE2d 257) (1992); *Clark v. West*, 196 Ga. App. 456, 457-458 (395 SE2d 884) (1990). Even if the lender on prior occasions accepted late monthly payments, then the failure prior to the commencement of foreclosure proceedings entitled the lender to proceed without giving notice to McCarter of strict compliance with the deed to secure debt. OCGA § 13-4-4; *Lewis v. C & S Nat. Bank*, 174 Ga. App. 847, 848 (1) (332 SE2d 11) (1985); see also *Borden v. Pope Jeep-Eagle*, 200 Ga. App. 176 (407 SE2d 128) (1997). McCarter

admits that she had not paid the last month's payment when foreclo-sure proceedings began, and the defendants had the right to fore-close. See *Brown v. Freedman*, 222 Ga. App. 213 (474 SE2d 73) (1996).

Further, where emotional damages are sought for an action for intentional wrongful foreclosure, such are recoverable as tort dam-ages. *Curl v. First Fed. Sav. &c. Assn. of Gainesville*, 243 Ga. 842, 843-844 (2) (257 SE2d 264) (1979). However, such action for damages for emotional distress is treated as an action for intentional infliction of emotional distress, and the burden that plaintiff must meet is a stringent one in order to prevail. *Clark v. West*, supra at 458; see also *Ingram v. JIK Realty Co.*, 199 Ga. App. 335, 336 (1) (404 SE2d 802) (1991). Thus, intentional conduct to cause harm is an essential ele-ment of such action. *Clark v. West*, supra at 458; *Ingram v. JIK Realty Co.*, supra at 336. Where the defendant on summary judgment has shown an absence of intent to harm McCarter and has shown the foreclosure occurred from error, the burden shifted to McCarter to come forward with some evidence to create a jury issue, which she failed to do. See *Clark v. West*, supra at 458; *Ingram v. JIK Realty Co.*, supra at 336.

McCarter failed to rebut defendants' evidence showing that there was no tortious act in violation of the statute requiring good faith and fair dealing. *Gordon v. South Central Farm Credit*, supra at 817-818. Further, McCarter failed to rebut defendants' evidence regarding the absence of severe emotional distress which is a neces-sary element of such action. See *Ingram v. JIK Realty Co.*, supra at 338. The summary judgment is affirmed. See *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

*Judgment affirmed. Johnson, C. J., Pope, P. J., Andrews, P. J., Blackburn, P. J., Ruffin, Ellington, Phipps and Mikell, JJ., concur. Smith, P. J., Barnes and Miller, JJ., dissent.*

BARNES, Judge, dissenting.

Because I believe the trial court erred in granting summary judgment to Morris, Schneider & Prior, LLC, I respectfully dissent from the majority opinion.

1. I agree with the majority that the statements in *McCalla, Raymer &c. v. C.I.T. Financial Svcs.*, 235 Ga. App. 95 (508 SE2d 471) (1998), relied on by the defendant are not controlling precedent. However, under general principles of agency law, an agent may be held individually liable for his own tortious acts. *Oglethorpe Realty Co. v. Hazzard*, 172 Ga. App. 98, 99 (3) (321 SE2d 820) (1984).

All agents, by an express undertaking to that effect, may render themselves individually liable. Every agent exceed-

ing the scope of his authority shall be individually liable to the person with whom he deals; *so, also, for his own tortious act, whether acting by command of his principal or not, he shall be responsible*; for the negligence of his underservant, employed by him in behalf of his principal, he shall not be responsible.

(Emphasis supplied.) OCGA § 10-6-85. Further, in *Miller & Miller v. Wilson*, 98 Ga. 567, 569 (25 SE 578) (1896), our Supreme Court held that an attorney who merely acted as an agent to collect a debt and had no knowledge of the actual facts in the matter could still be sued. See also *Haas & Howell v. Godby*, 33 Ga. App. 218, 222-223 (125 SE 897) (1924). Further,

[w]hoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference that in doing so he acts in good faith, nor in case of an agent, that he delivers the property to his principal before receiving notice of the claim of the owner. If an agent takes the property of another without his consent and delivers it to the principal, it is a conversion, and trover will lie for the recovery of the property or for damages, as the plaintiff may elect. An agent, who for and in behalf of his principal takes the property of another without the latter's consent, is as to him guilty of a conversion, although being ignorant of the true owner's title, the agent may have acted in perfect good faith; and such agent may be sued in trover for the property, even after his delivery of it to his principal. Also such an agent may be sued jointly with his principal for such conversion.

(Citations and punctuation omitted.) *Graham v. Frazier*, 82 Ga. App. 185, 195-196 (4) (60 SE2d 833) (1950).

The law firm is not absolved of liability merely because it acted as attorney for the lender and server, and, accordingly, the grant of summary judgment should be reversed.

2. Although the points raised by the majority in Division 2 ultimately may be correct, those issues were not asserted in the law firm's motion for summary judgment. Consequently, McCarter was given no opportunity to address them, and, of course, the trial court never ruled on them.

Under this record, we should not rule on these issues. A plaintiff is not required

to respond to issues which are not raised in the motion for summary judgment or to present its entire case on all alle-

gations in the complaint — even on issues not raised in the defendants' motion. Indeed, until appellees pierced the allegations of [McCarter's] complaint on a particular issue, [she] was neither required to respond to the motion on that issue, nor required to produce evidence in support of [her] complaint on that issue. See also *Bales v. Central Bank &c. Co.*, 204 Ga. App. 675, 676 (420 SE2d 358) [(1992)]: The issues that must be rebutted on motion for summary judgment are those raised by the motion. Consequently, [McCarter] was not required to present proof on all matters raised in [her] complaint until [the law firm] pierced [her] complaint on those issues.

(Citation and punctuation omitted.) *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995). Additionally,

due process requires that a party be given reasonable opportunity to contest a claim that there are no genuine issues of material fact. There having been no notice to [McCarter that this court] might consider the merits of the issue of [her claim], a holding that [she could not recover], tantamount to an award of summary judgment against [her], would deny [her] due process.

*Coweta County v. Simmons*, 269 Ga. 694 (507 SE2d 440) (1998). "Accordingly, we may not consider whether summary judgment would have been proper for any other reason. [Cit.]" *Fedeli v. UAP/Ga. Ag. Chem.*, 237 Ga. App. 337, 339 (1) (514 SE2d 684) (1999).

For these reasons, I respectfully dissent to the majority opinion.

I am authorized to state that Presiding Judge Smith and Judge Miller join in this dissent.

DECIDED DECEMBER 1, 2000.

*Mark D. Welsh*, for appellant.

*Morris, Schneider & Prior, Larry W. Johnson, Brian S. Tatum*, for appellees.