[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14402
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-03501-JEC

ELISHA PATTI KENNEDY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, INC.,
STATE OF GEORGIA, INC.,
WELLS FARGO BANK, N.A.,
ARGENT MORTGAGE CO., INC.,
AMERIQUEST MORTGAGE, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 17, 2012)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Elisha Kennedy appeals pro se the dismissal of her complaint against Argent Mortgage Co., Inc., Ameriquest Mortgage, Inc., Wells Fargo Bank, N.A., Barclay Capital Real Estate, Inc., Ocwen Loan Servicing, Inc., McCurdy & Chandler, LLC, the United States and the State of Georgia. We affirm.

Kennedy purchased her home by obtaining a mortgage loan from Argent. In exchange, Kennedy executed a promissory note and secured the loan by giving Argent a security deed, which Argent later transferred to Wells Fargo. Kennedy defaulted on the mortgage payments, and the law firm of McCurdy & Chandler commenced foreclosure proceedings. Later, Wells Fargo bought Kennedy's home and filed an action to dispossess Kennedy.

Kennedy protested the foreclosure. Kennedy filed two complaints in a Georgia court against Argent, Ameriquest, and Wells Fargo, alleging that the defendants had altered and rendered void the promissory note and had wrongfully instituted a forfeiture in the absence of producing the original note. Although the Georgia court dismissed Kennedy's two complaints with prejudice, Kennedy did not appeal either dismissal. Kennedy later filed a third complaint that repeated the same allegations of wrongdoing and that added Barclay as a defendant, but the Georgia court also dismissed the third complaint with prejudice.

2

Kennedy then filed a complaint in the district court against the State of Georgia. Kennedy complained that, by permitting the foreclosure, Georgia had violated Kennedy's right to due process; Georgia had breached its duty to protect Kennedy; and Georgia had violated the Racketeer Influenced and Corrupt Organizations Act. The district court ordered Kennedy to stop filing pleadings while her complaint was pending. Later, the district court dismissed Kennedy's complaint as barred by sovereign immunity.

Undaunted by the earlier order of the district court, Kennedy filed a second complaint, the dismissal of which we review in this appeal. In her second complaint, Kennedy repeated her claims about the alteration of her promissory note and a wrongful foreclosure by Argent, Ameriquest, Barclay, Wells Fargo, Ocwen, and McCurdy, and Kennedy complained that the forfeiture violated various constitutional and statutory rights. Kennedy also complained that the United States and Georgia had violated "Title 28 USC Chapter 21 Section 453" and that the "judicial branch" of the United States had failed to "correct a wrong" in violation of "Title 42 USC Chapter 21 Section 1986." Each defendant moved to dismiss Kennedy's complaint, and the district court granted those motions.

The district court did not err by dismissing Kennedy's complaint against Argent, Ameriquest, Barclay, Wells Fargo, Ocwen, and McCurdy. Kennedy

complained about a wrongful foreclosure, but Kennedy failed to state that any defendant had "violat[ed] . . . the [foreclosure] statute[, which] is necessary to [establish] a wrongful foreclosure" under Georgia law. McCarter v. Bankers Trust Co., 543 S.E.2d 755, 758 (Ga. App. 2000). Likewise, Kennedy complained about violations of the National Bank Act, and the Fair Debt Collections Practice Act, but she failed to state what action or inaction of the defendants allegedly violated these statutes. Although Kennedy complained about violations of her rights of due process under the Constitution of the United States and the Constitution of Georgia, she failed to state that the defendants, who are private parties, had engaged in any state action. See Nat'l Broad. Co. v. Commc'ns Workers of Am., 860 F.2d 1022, 1024 (11th Cir. 1988); Etkind v. Suarez, 519 S.E.2d 210, 214 (Ga. 1999). Kennedy complained that she could not undergo a foreclosure and eviction while she was challenging the lawfulness of that foreclosure, but in Georgia "the alleged invalidity of a foreclosure sale cannot be asserted as a defense in a subsequent dispossessory proceeding." Jackman v. LaSalle Bank, N.A., 683 S.E.2d 925, 927 (Ga. App. 2009). Kennedy also claimed that the defendants had acted wrongfully by failing to produce the original promissory note, altering the note, and using Kennedy's credit to fund the loan, but the district court lacked subject matter jurisdiction to review the judgments of the Georgia court that

4

denied Kennedy's challenges to the foreclosure proceeding or any issues that were "inextricably intertwined" with those judgments. See Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009).

The district court also did not err by dismissing the complaint against the United States and the State of Georgia for failure to state a claim. Kennedy complains that the United States looked the other way while her rights were violated, but she fails to explain the duty of the United States to intervene in proceedings of a state court. And Kennedy's complaint against Georgia is barred by res judicata.

We **AFFIRM** the dismissal of Kennedy's complaint.